UNITED STATES, Appellee

v.

Xavier GALLEGOS, Lance Corporal
U.S. Marine Corps, Appellant.

No. 94–0201.
CMR No. 92 2544.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 12, 1995.

Decided March 22, 1995.

For Appellant: *Lieutenant Eric C. Price*, JAGC, USN (argued); *Lieutenant Philip L. Sundel*, JAGC, USNR (on brief).

For Appellee: *Lieutenant Andrew J. Waghorn*, JAGC, USNR (argued); *Colonel T.G. Hess*, USMC, *Commander S.A. Stallings*, JAGC, USN, *Lieutenant J.M. Kegelmeyer*, JAGC, USNR (on brief); *Colonel J. Composto*, USMC.

Opinion of the Court

CRAWFORD, Judge:

1. Pursuant to his pleas, appellant was found guilty[1] of committing indecent acts and of pandering (3 specifications), in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. Appellant was sentenced to a bad-conduct discharge and reduction to the lowest enlisted grade. The convening authority approved the sentence but suspended the discharge. The Court of Military Review[2] affirmed the findings and sentence. We granted review on the following issue:

WHETHER THE MILITARY JUDGE ERRED IN FINDING APPELLANT GUILTY OF PANDERING WHERE APPELLANT'S STATEMENTS DURING THE PROVIDENCE INQUIRY FAILED TO INDICATE THAT APPELLANT ARRANGED THE SEXUAL ACTS FOR PERSONAL PROFIT.

2. We hold that the military offense of pandering does not require arrangements for valuable consideration. Thus, the military judge did not abuse his discretion by accepting appellant's guilty pleas.

FACTS

3. On a number of occasions appellant had arranged for three other Marines to have intercourse with his wife while appellant

1. Special Court Martial Order No. 17–92 (19 Oct 92) should be corrected to reflect that specification 2 of Charge I, the specification of Charge II, and specifications 3 and 4 of Charge III were *withdrawn*. (R. 9, 27)

2. *See* 41 MJ 213, 229 n. * (1994).

watched. There is no indication that either appellant or his wife received any form of monetary compensation for these sexual acts.

## DISCUSSION

■ 4. The defense argues that, since the sexual acts were not for profit, appellant cannot be charged with pandering.

The elements of pandering are as follows:

(a) That the accused arranged for, or received valuable consideration for arranging for, a certain person to engage in sexual intercourse or sodomy with another person;

(b) That the arranging (and receipt of consideration) was wrongful; and

(c) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Para. 97b(3), Part IV, Manual for Courts–Martial, United States, 1984.

5. The 1984 Manual lists 3 form specifications: prostitution—para. 97f(1); pandering by "[c]ompelling, inducing, enticing, or procuring act of prostitution"—para. 97f(2); and pandering by "arranging, or receiving consideration for arranging for sexual intercourse...."—para. 97f(3). Manual for Courts–Martial, United States, 1969 (Revised edition) listed 2 form specifications for pandering (numbers 166 and 167). These are similar to (2) and (3) in 1984 Manual, *supra*. The question before us is whether the third form specification is inconsistent with prior decisions of this Court.

6. In *United States v. Snyder*, 1 USCMA 423, 4 CMR 15 (1952), this Court upheld 3 specifications under Article 134 alleging that the defendant attempted "to entice" males "to engage in sexual intercourse with a female." There was no allegation or proof of a profit motive. 1 USCMA at 424, 4 CMR at 16 ¶ 1. The Court stated:

The misconduct alleged here is extremely close to that involved in the offense of pandering commonly recognized in both military and civilian criminal law.... Pandering has long been recognized by the

services as conduct prejudicial to good order and military discipline.

*Id.* at 426, 4 CMR at 18 ¶ 10. The Court held the specifications alleged an offense even though there was no expectation of financial gain, *citing Caminetti v. United States*, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917). In *Caminetti* the Court upheld transportation of females "for immoral purposes" under the White Slave Traffic Act even though there was no allegation of profit. 1 USCMA at 427, 4 CMR at 19 ¶ 10.

7. In *United States v. Adams*, 18 USCMA 310, 40 CMR 22 (1969), this Court upheld an instruction by the law officer, now the military judge, describing the offense of "pandering" as not requiring a finding of intercourse for hire. But the law officer did instruct the members that they must find that the accused "did ... wrongfully and unlawfully entice ... [two named males] to engage in acts of prostitution." *Id.* at 311, 40 CMR at 23 ¶ 1. The "ordinary" meaning of the term prostitution "contemplates sex for hire." But, the members did not have to be given "separate advice on the matter of financial gain." *Id.* at 313, 40 CMR at 25 ¶ 5. The Court also stated:

However, in its literal sense prostitution is not limited to sexual intercourse for hire, but includes indiscriminate or promiscuous copulation with others. For example, the Supreme Court of the United States has observed that prostitution involves indiscriminate sexual intercourse "for hire or without hire." *United States v. Bitty*, 208 U.S. 393, 401, 28 S.Ct. 396, 398, 52 L.Ed. 543 ... (1908)....

18 USCMA at 312, 40 CMR at 24 ¶ 5.

8. Even though appellant's acts were not for hire, they "clearly evinced ... a wanton disregard for a moral standard generally and properly accepted by society. We certainly cannot say—comparing this act with others condemned by service custom—that it does not constitute a manifest example of conduct prejudicial to good order and military discipline." *United States v. Snyder*, 1 USCMA at 427, 4 CMR at 19 ¶ 12.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Judges COX, GIERKE, and WISS concur.

SULLIVAN, Chief Judge (concurring in part and in the result):

9. The question before this Court is whether appellant's guilty pleas to the following specifications under Article 134, Uniform Code of Military Justice, 10 USC § 934, can be upheld. The specifications allege that appellant did:

Specification 1: ... between about August 1991 and October 1991, wrongfully arrange for Lance Corporal [W], [USMC], to engage in acts of sexual intercourse and sodomy with [RMG].

Specification 2: ... between about August 1991 and October 1991, wrongfully arrange for Private First Class [A], [USMC], to engage in an act of sodomy and sexual intercourse with [RMG].

Specification 3: ... between about August 1991 and October 1991, wrongfully arrange for Private [P], [USMC], to engage in acts of sodomy with [RMG].

10. In my view, these specifications allege conduct prejudicial to good order and discipline. *United States v. Snyder*, 1 USCMA 423, 4 CMR 15 (1952). No broad pronouncement on the scope of pandering as a civilian crime or as explained in the Manual for Courts–Martial is required. *See United States v. Choate*, 32 MJ 423 (CMA1991). *See generally Parker v. Levy*, 417 U.S. 733, 754, 94 S.Ct. 2547, 2560–61, 41 L.Ed.2d 439 (1974).