UNITED STATES, Appellee

v.

Antoine M. THOMAS, Seaman Recruit
U.S. Navy, Appellant

No. 06-0350

Crim. App. No. 200401690

United States Court of Appeals for the Armed Forces

Argued January 16, 2007

Decided June 21, 2007

STUCKY, J., delivered the opinion of the Court, in which EFFRON,
C.J., and ERDMANN, J., joined.  BAKER, J., and RYAN, J., each
filed a separate dissenting opinion.


<u>Counsel</u>


For Appellant:  Lieutenant <u>Anthony Yim</u>, JAGC, USN (argued).


For Appellee:  Lieutenant <u>Jessica M. Hudson</u>, JAGC, USNR
(argued); <u>Colonel Ralph F. Miller</u>, USMC, and <u>Commander Charles
N. Purnell</u>, JAGC, USN (on brief).


Military Judge:  Bruce W. Mackenzie


<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION**</u>.

Judge STUCKY delivered the opinion of the Court.

We granted review in this case to consider whether the offense of wrongful introduction of a controlled substance onto a military installation, Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2000), requires, as an essential element, that the accused knew he was taking a controlled substance onto an installation.  We hold that it does.

I.

Pursuant to a pretrial agreement, Appellant pled guilty at a special court-martial to physically controlling a vehicle while impaired by marijuana and wrongfully introducing marijuana onto an installation used by the armed forces, in violation of Articles 111 and 112a, UCMJ, 10 U.S.C. §§ 911, 912a (2000).  In a stipulation of fact, Appellant and the Government agreed that Appellant "did not pass through a security gate and was unaware that he was driving on military property."[1]

In light of that stipulated fact, the military judge questioned whether Appellant's guilty plea would be provident. Describing the offense as a "strict liability crime," the

---

[1] The stipulation of fact also recited that Appellant's introduction of marijuana onto the installation "was wrongful." This is a conclusion of law, not a statement of fact.  "Mere conclusions of law recited by an accused are insufficient to provide a factual basis for a guilty plea."  United States v. Outhier, 45 M.J. 326, 331 (C.A.A.F. 1996).

military judge determined that an accused need not have knowledge he was taking drugs onto an installation to be guilty of the offense, and accepted Appellant's pleas.  The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, and forfeiture of $750 pay per month for five months.  The convening authority approved the findings and sentence and complied with the pretrial agreement by suspending all confinement of more than ninety days.  The United States Navy-Marine Corps Court of Criminal Appeals affirmed, explicitly adopting the "strict liability" approach. United States v. Thomas, No. NMCCA 200401690, 2005 CCA LEXIS 404, 2005 WL 3591169 (N-M. Ct. Crim. App. Dec. 19, 2005).

II.

In modern criminal law, it is generally accepted that a crime consists of two components:  the actus reus (an act or omission) and the mens rea (a particular state of mind).  Joshua Dressler, Understanding Criminal Law § 9.01, at 91 (4th ed. 2006); Wayne R. LaFave, 1 Substantive Criminal Law § 5.1, at 332 (2d ed. 2003).  "Few areas of criminal law pose more difficulty than the proper definition of the mens rea required for any particular crime."  United States v. Bailey, 444 U.S. 394, 403 (1980).

"[T]he mental ingredients of a particular crime may differ with regard to the different elements of the crime."  LaFave,

supra, § 5.1(d), at 338. "'[C]lear analysis requires that the question of the kind of culpability required to establish the commission of an offense be faced separately with respect to each material element of the crime.'" Bailey, 444 U.S. at 406 (quoting Model Penal Code § 2.02 Comments, at 123 (Tentative Draft No. 4, 1955)).

### III.

Article 112a, UCMJ, provides that any person subject to the UCMJ "who wrongfully uses, possesses, . . . or introduces into an installation . . . used by or under the control of the armed forces a substance described in subsection (b) shall be punished as a court-martial may direct." (Emphasis added). Subsection (b) includes marijuana. Article 112a(b), UCMJ. The statute does not define the term "wrongful." See id.

The President, in the Manual for Courts-Martial, sets out two elements for the offense of wrongful introduction of a controlled substance onto a military installation: "(a) That the accused introduced onto a[n] . . . installation used by the armed forces or under the control of the armed forces a certain amount of a controlled substance; and (b) That the introduction was wrongful." Manual for Courts-Martial, United States pt. IV, para. 37.b.(4) (2005 ed.) (MCM). The MCM further states that use, possession, or introduction of a controlled substance onto

4

a military installation is wrongful if it is done "without legal justification or authorization."  Id. para. 37.c.(5).

As the Navy-Marine Corps Court noted, the question in this case appears to be one of first impression.  This case involved a plea of guilty, which will be rejected only where the record of trial shows a substantial basis in law and fact for questioning the plea.  United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991); United States v. Logan, 22 C.M.A. 349, 350-51, 47 C.M.R. 1, 2-3 (1973).  "A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion."  United States v. Eberle, 44 M.J. 374, 375 (C.A.A.F. 1996) (citing United States v. Gallegos, 41 M.J. 446 (C.A.A.F. 1995)).  But we review de novo the military judge's exposition of the elements of the offense to which the accused is pleading guilty.  See United States v. Mason, 60 M.J. 15, 18 (C.A.A.F. 2004); Gallegos, 41 M.J. at 447.

While the question of actual knowledge in the context of introduction is a novel one, the development of the law of possession of drugs is instructive.  From the earliest days, this Court has held that the offense of possession of drugs contains a mens rea requirement.  Specifically, we held that, in order to wrongfully possess drugs within the meaning of Article 112a, UCMJ (or Article 134, UCMJ, in former times), the accused had to have (1) knowledge of the physical presence of the

substance; and (2) knowledge of its contraband nature.  United States v. Mance, 26 M.J. 244, 253-54 (C.M.A. 1988); United States v. Greenwood, 6 C.M.A. 209, 212-16, 19 C.M.R. 335, 338-42 (1955).  While, in a litigated case, the presence of drug metabolites in an accused's urine may give rise to a permissive inference of wrongfulness, see United States v. Harper, 22 M.J. 157, 162 (C.M.A. 1986), the setting up of information inconsistent with the above knowledge requirements mandates rejection of a guilty plea in a possession case.  See United States v. Thompson, 21 C.M.A. 526, 527-28, 45 C.M.R. 300, 301-02 (1972).  Our position in Mance and Greenwood is consistent with the traditional understanding of scienter in criminal statutes:

> [W]here the lawmakers have incorporated into the act a word or words descriptive of the crime which imply the necessity of "a mind at fault before there can be a crime," criminal intent becomes an essential fact in establishing the guilt of a person accused of its violation. . . .  The word "wrongful" in its legal signification must be defined from a criminal standpoint, since it is here used in a penal statute to define a crime. . . .  The word "wrongful," like the words "willful," "malicious," "fraudulent," etc., when used in criminal statutes, implies a perverted evil mind in the doer of the act.

Masters v. United States, 42 App. D.C. 350, 356 (D.C. Cir. 1914), cited in United States v. West, 15 C.M.A. 3, 7, 34 C.M.R. 449, 453 (1964).  Thus, the question is whether the requirement for knowledge, as set out in the possession cases, applies to

the accused's entrance onto a military installation, as well. We believe that it does.

In affirming the military judge's acceptance of Appellant's guilty plea, the Court of Criminal Appeals relied on United States v. Harris, 313 F.3d 1228 (10th Cir. 2002). The court in Harris interpreted 21 U.S.C. § 860(a) (2000), a provision of the Drug-Free School Zones Act that provides for sentence enhancement in cases in which an underlying drug offense (such as possession with intent to distribute, distribution, or manufacture) takes place within 1,000 feet of a school or college. Following other courts of appeals, the Tenth Circuit held in Harris that the offense did not require actual intent to distribute within the proscribed distance, but simply possession therein, together with an intent to distribute somewhere. Id. at 1240.

We have no quarrel with the result in Harris, which evidently has been duplicated consistently among the circuits. Indeed, we have also so held when presented with a case involving a similar sentence-enhancing provision. United States v. Pitt, 35 M.J. 478 (C.M.A. 1992) (holding that an accused's guilty plea to wrongful possession of marijuana with intent to distribute while posted as a sentinel was provident, despite his denial of an intent actually to distribute it while so posted). Harris, however, is inapposite to the present case. The seminal

7

case on § 860(a) is United States v. Falu, 776 F.2d 46 (2d Cir.
1985). In Falu, the Second Circuit, in coming to the same
result as the Tenth Circuit in Harris, first noted that the
language of § 845a(a) (now 21 U.S.C. § 860(a)) contained no mens
rea requirement and that the legislative history of the statute
evinced a congressional purpose to create drug-free zones around
schools. Id. at 49. More importantly, the court then pointed
out that the underlying offenses subsumed in § 845a(a)
themselves contained mens rea requirements. Id. at 50. "In
this respect," stated the court, "the schoolyard statute
resembles other federal criminal laws, which provide enhanced
penalties . . . upon proof of a fact of which the defendant need
not be aware." Id. at 49-50.

The prohibition on the introduction of drugs onto a
military installation in Article 112a, UCMJ, is not analogous.
Unlike the sentence-enhancing provisions in Pitt, Harris, and
Falu, it is an independent offense with an explicit requirement
that the specified conduct -- the introduction of drugs onto a
military installation -- be "wrongful."[2]  Given the differences

---

[2] The dissenting opinions rely on principles of statutory
construction to conclude that an accused need not know that he
is entering a military installation. There is nothing in the
legislative history of the statute that indicates a
congressional intent to impose criminal liability without mens
rea for this offense. H.R. Rep. No. 98-549, at 17 (1983);
S. Rep. No. 98-53, at 29 (1983). There is nothing that
indicates a contrary intent, either; Congress was silent on the

8

in wording and purpose of the two statutes, we find the analogy
to Harris and related cases unpersuasive.[3]

   We therefore hold that, in order to be convicted of
introduction of drugs onto a military installation under Article
112a, UCMJ, the accused must have actual knowledge that he was
entering onto the installation.  In this case, the stipulated
fact that Appellant did not know that he was entering the
installation renders his plea to wrongful introduction
improvident.  See Article 45(a), UCMJ, 10 U.S.C. § 845(a)
(2000); Logan, 22 C.M.A. at 350-51, 47 C.M.R. at 2-3; cf. United

_____

question.  We have long adhered to the principle that criminal
statutes are to be strictly construed, and any ambiguity
resolved in favor of the accused.  United States v. Schelin, 15
M.J. 218, 220 (C.M.A. 1983); United States v. Rowe, 13 C.M.A.
302, 311, 32 C.M.R. 302, 311 (1962).  Where, as here, the
legislative intent is ambiguous, we resolve the ambiguity in
favor of the accused.  Busic v. United States, 446 U.S. 398, 406
(1980), superseded by statute amendments, 18 U.S.C. § 924.

[3] We also note that the Military Judges' Benchbook sets out a
recommended instruction, summarized below, for the offense of
wrongful introduction of drugs onto an installation, in
violation of Article 112a, UCMJ:

     (1) That (at time and place) the accused introduced
(amount) of (substance) onto an installation under the control
of the armed forces, to wit:  (name of installation);
     (2) That the accused actually knew he introduced the
substance;
     (3) That the accused actually knew the substance he
introduced was (contraband); and
     (4) That the introduction by the accused was wrongful.

Dep't of the Army, Pamphlet 27-9, Military Judges' Benchbook ch.
3, § XXXVII para. 3-37-4c (2001) (emphasis added).  We conclude
that this instruction is a correct statement of the law.

States v. Gosselin, 62 M.J. 349, 351-52 (C.A.A.F. 2006) (noting that, in the aiding and abetting context, introduction of drugs is a separate and distinct offense which requires general intent to wrongfully introduce the drugs). However, wrongful possession of drugs is itself a lesser included offense of wrongful introduction under Article 112a, UCMJ. MCM pt. IV, para. 37.d.(5). The admissions made by Appellant during the providence inquiry, together with the stipulation of fact, establish all of the elements of wrongful possession. See United States v. Care, 18 C.M.A. 535, 540, 40 C.M.R. 247, 252 (1969). In affirming a finding of guilty of the lesser included offense, for which the maximum punishment is the same as for the charged offense, and considering the other offense of which he was convicted and the statutory limits of a special court-martial sentence, we conclude that the error in findings was not prejudicial to the sentence. See United States v. Shelton, 62 M.J. 1, 5 (C.A.A.F. 2005).

                                    IV.

     The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed, except that the specification of Charge II is amended by deleting the words "introduce less than 40 grams of marijuana onto a vessel, aircraft, vehicle, or installation used by the armed forces or under control of the armed forces, to wit:  Ft. Lewis Army Base, Ft. Lewis,

Washington" and substituting therefor the words "possess some

quantity of marijuana."

United States v. Thomas, No. 06-0350/NA

BAKER, Judge (dissenting):

The question presented is whether the offense of wrongful introduction of a controlled substance onto a military installation requires actual knowledge that one is entering a military installation. The majority concludes that the statute requires actual knowledge that one is entering or present on a military installation in order to be guilty of the offense. Because I conclude that this offense does not require such knowledge, I respectfully dissent.

Legal Framework

As a general matter, a criminal offense requires one of three measures of intent: (1) specific intent (in which case an honest mistake of fact is a defense); (2) general intent (in which case an honest and reasonable mistake of fact is a defense); or (3) no requirement of intent, sometimes referred to as strict liability, as drawn from civil tort law terminology (in which case the mistake of fact defense does not apply). Notably, Justice Stevens rightly observes that the term "strict liability" may be inaccurate, as in the case of public welfare offenses, because even those offenses require knowledge that one is dealing with an inherently dangerous substance or activity, although they may not require actual knowledge of all the facts. Staples v. United States, 511 U.S. 600, 628 n.9 (1994) (Stevens, J, dissenting).

United States v. Thomas, No. 06-0350/NA

Application

> Article 112a,[1] states, in relevant part:
>
> Any person subject to this chapter who wrongfully uses,
> possesses, manufactures, distributes, imports into the
> customs territory of the United States, exports from the
> United States, or introduces into an installation, vessel,
> vehicle, or aircraft used by or under the control of the
> armed forces a substance described in subjection (b) shall
> be punished as a court-martial may direct.

We know from the text of Article 112a, UCMJ, that Congress intended these offenses as general intent offenses. However, we also know that Congress was not specific as to which element or elements of the offenses are general intent elements and which, if any, are not.

It is well-settled that different elements within a statute can require different measures of intent. Staples, 511 U.S. at 609. In the case of wrongful use or possession, for example, this Court has long held that an accused need not have actual knowledge of the particular controlled substance used or possessed. Rather, he need only have knowledge of his use or possession and he need only have knowledge of the contraband nature of what he used or possessed. Manual for Courts-Martial, United States pt. IV, para. 37.c. (2005 ed.) (MCM). As a general rule, where a criminal statute is silent as to intent, the statute should be presumed to require general intent.

---

[1] Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2000).

2

Relying on the strength of the traditional rule, the Supreme Court has stated that "offenses that require no _mens_ _rea_ generally are disfavored," and it has suggested that "some indication of congressional intent, express or implied, is required to dispense with _mens_ _rea_ as an element of a crime."[2] _Id._ at 606.  Restated, in military practice, the absence of a mens rea requirement must be clearly indicated in the statutory language or in the President's implementation of the UCMJ through the _MCM_.  Otherwise, an accused would not be placed on fair notice of the threshold for criminal conduct.[3]

---

[2] In the case of certain statutory offenses, the Supreme Court has recognized greater leeway in interpreting statutory intent. Indeed, it has recognized the doctrine of strict liability in cases of "public welfare offenses."  _Staples_, 511 U.S. at 607. The Supreme Court has reasoned that:

> as long as a defendant knows that he is dealing with a
> dangerous device of a character that places him "in
> responsible relation to a public danger," he should be
> alerted to the probability of strict regulation, and
> we have assumed that in such cases Congress intended
> to place the burden on the defendant to "ascertain at
> his peril whether [his conduct] comes within the
> inhibition of the statute."

_Id._ (citations omitted).

[3] The Court of Criminal Appeals resolved this question by engaging in legal policy rather than legal analysis, concluding that "In the absence of specific guidance in the UCMJ and Manual for Courts-Martial, as well as a lack of case law on the issue before us, we adopt a similar strict liability approach to the offense of wrongful introduction."  _United States v. Thomas_, No. NMCCA 200401690, 2005 CCA LEXIS 404, at *14, 2005 WL 3591169, at *5 (N-M. Ct. Crim. App. Dec. 19, 2005) (unpublished).  Of course, if the UCMJ and the _MCM_ lack guidance on this point,

In the case of introduction, the accused must have the criminal intent to "wrongfully . . . introduce [drugs] into an installation." Article 112a, UCMJ. But Congress did not specify whether the accused must knowingly intend to introduce into an installation, whether the term "wrongfully" incorporates knowledge of location, or whether an accused must merely have the criminal intent to commit a wrongful act.

The President has further defined the term "wrongfully," as well as the elements of offenses under Article 112a, UCMJ. In the context of the UCMJ, it is well-established that, unless otherwise precluded from doing so, the President can define elements of offenses pursuant to Congress's delegation of authority under Article 36, UCMJ,[4] provided that the exercise of such authority is neither contrary to nor inconsistent with the provisions of the UCMJ. This is the case, for example, with regard to the general article, Article 134, UCMJ.[5] Presumably, the majority would not take issue with the authority of the President, pursuant to Article 36, UCMJ, to define new offenses and elements under Article 134, UCMJ. Therefore, the question presented in this case is whether or not the President intended

---

then we should presume that the offense and the element in question require general intent, both as a matter of interpretive presumption and as a matter of lenity.

[4] 10 U.S.C. § 836 (2000).

[5] 10 U.S.C. § 934 (2000).

a mens rea requirement to apply specifically to the element involving the introduction of a controlled substance onto an installation.  Further, and in any event, the question is whether the President's intent is clear and whether it is consistent with the statutory language of Article 112a, UCMJ.

The President has defined the elements of this offense in paragraph 37 of the MCM:

> (4) Wrongful introduction of a controlled substance.
>
> (a) That the accused introduced onto a vessel, aircraft, vehicle, or installation used by the armed forces or under the control of the armed forces a certain amount of a controlled substance; and
>
> (b) That the introduction was wrongful.

MCM pt. IV, para 37.b.(4).

The explanation to Article 112a, UCMJ, states, inter alia, that the introduction of a controlled substance is not wrongful if such act or acts are:  "(A) done pursuant to legitimate law enforcement activities . . . ; (B) done by authorized personnel in the performance of medical duties; or (C) without knowledge of the contraband nature of the substance . . . ."  MCM pt. IV, para. 37.c.(5).  "[I]ntroduction . . . of a controlled substance may be inferred to be wrongful in the absence of evidence to the contrary."  Id.  In paragraph 37.c.(11), the explanation states in full that "[a]n accused who consciously avoids knowledge of the presence of a controlled substance or the contraband nature

5

of the substance is subject to the same criminal liability as one who has actual knowledge." Deliberate ignorance of one's presence on a military installation is not addressed.

With respect to the elements of wrongful introduction, there is no mens rea requirement indicated for the first element "[t]hat the accused introduced onto [a]n . . . installation a certain amount of a controlled substance." Id. at para. 37.b.(4)(a). There is a mens rea requirement included with the second element -- "That the introduction was wrongful." Id. at para. 37.b.(4)(b). Wrongful is defined as an act without legal justification or authorization and, as mentioned above, the President has delineated in paragraph 37 the legal justification and authorization that negates wrongfulness. As with legislative drafting, the President has acknowledged the distinction between the two elements by separating the mens rea element apart from the element addressing geographic locus.[6]

---

[6] Although not determinative in this case, this interpretation of the statute is consistent with the Supreme Court's approach to statutory public welfare offenses. In the words of the Court:

> Public welfare statutes render criminal "a type of conduct that a reasonable person should know is subject to stringent public regulation and may seriously threaten the community's health or safety." Thus, under such statutes, "a defendant can be convicted even though he was unaware of the circumstances of his conduct that made it illegal."

Staples, 511 U.S. at 629 (Stevens, J., dissenting) (quoting Liparota v. United States, 471 U.S. 419, 433 (1985)). Clearly,

6

Therefore, I would conclude that, while the offense is one of general intent, the element requiring the introduction of a controlled substance onto a military installation does not contain a mens rea requirement.[7]

By defining and explaining the term wrongfulness in paragraph 37 of the MCM, the President addressed the knowledge requirement for the offense by expressly setting forth the particular knowledge capable of negating wrongfulness. This requirement is consistent with the general intent legislated by Congress. Appellant in this case did not claim during the plea inquiry that he was "without knowledge of the contraband nature of the substance." For these reasons, the military judge was not required to explore a mistake of fact defense and Appellant's plea was provident.

---

there are sound public policy reasons to treat the introduction of controlled substances onto military installations and facilities in the same manner.

[7] The majority does not address this elements argument. Instead, they simply state that "there is nothing in the legislative history of the statute that indicates a congressional intent to impose criminal liability without mens rea for this offense." Agreed. As both dissents state, Article 112a, UCMJ, is a general intent statute. The question is to which elements does that general intent attach? While Congress has not answered that question, the President has, and he has done so in a clear manner that is not inconsistent with the statutory language.

RYAN, Judge (dissenting):

I agree that the offense of wrongful introduction of a controlled substance is not a strict liability offense.  I part ways with the majority because nothing in or about either the structure of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2000), or the specific offense of wrongful introduction, warrants interjection of an additional mens rea requirement.

The reasoning used by the majority gives me pause.  In my view, the analysis required to answer the question presented is straightforward.  As established by Congress, Article 112a, UCMJ, requires that an accused:  (1) "wrongfully"; (2) commits one of the specified acts -- "uses, possesses, manufactures, distributes, imports into the customs territory of the United States, exports from the United States, or introduces into an installation, vessel, vehicle, or aircraft used by or under the control of the armed forces" a controlled substance.

Under the statute, the word "wrongfully" modifies each of the specified acts.  See United States v. X-Citement Video, Inc., 513 U.S. 64, 68 (1994) (holding that the "most natural grammatical reading" of a statute is when the initial adverb modifies each verb in a list of elements of a crime); United States v. Mance, 26 M.J. 244, 254 (C.M.A. 1988) (reasoning that the element of "wrongfulness" is knowledge of the character of

the substance involved and is the same as to the charges of drug possession or use).  Thus, while the statute does not define "wrongfully," however "wrongfully" is defined, it means the same thing with respect to each prohibited action that it modifies. See X-Citement Video, Inc., 513 U.S. at 68; Mance 26 M.J. at 254.

The President defined "wrongful," as used in the statute: "without legal justification or authorization."  Manual for Courts-Martial, United States pt. IV, para. 37.c.(5) (2005 ed.) (MCM).  Nothing in that definition suggests that the meaning changes based on the specific act identified in the statute or that knowledge of the locus of an offense is a prerequisite to criminal liability.  Rather, "introduction . . . of a controlled substance may be inferred to be wrongful in the absence of evidence to the contrary."[1]  Id.

Moreover, the MCM definition is consonant with this Court's past interpretation of "wrongful" to mean an accused's knowledge of the existence of the drug or "awareness or consciousness of the physical presence of the drug on his person."  See United States v. Hughes, 5 C.M.A. 374, 377, 17 C.M.R. 374, 377 (1954).

---

[1] I agree with Judge Baker that this does not yield an absurd result.  United States v. Thomas, 65 M.J. __ (6) (C.A.A.F. 2007) (Baker, J., dissenting).  Therefore, nothing suggests, let alone requires, the search undertaken by the majority for a less obvious interpretation.  See Lamie v. United States Tr., 540 U.S. 526, 534 (2004).

It is simply not the case that, absent the insertion of an additional mens rea that is not in the statute, wrongful introduction "impose[s] criminal liability without mens rea." United States v. Thomas, 65 M.J. __ (8 n.2) (C.A.A.F. 2007).

In light of these factors, I cannot find a textual or analytical basis for importing into Article 112a, UCMJ, with respect only to the action of "introduces," a new and different mens rea requirement -- actual knowledge that Appellant was entering into or present on the military installation.  Such an approach depends, in the first instance, on the premise that the statute "needs fixing," because it is ambiguous.  See Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475 (1992) (stating that "[i]n a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished"); United States v. Clark, 62 M.J. 195, 198 (C.A.A.F. 2005) (reasoning that "if the statute is clear and unambiguous, a court may not look beyond it but must give effect to its plain meaning") (citation and quotation marks omitted).  Based on the statute, the MCM provisions, and this Court's case law, I see no ambiguity.  And the majority opinion makes no effort to explain why, in light of these sources, the law is ambiguous.

It is similarly curious that legislative silence is apparently taken to create ambiguity -- and that ambiguity is then cured, without further explanation, by resorting to the rule of lenity.  It is not at all apparent how that rule, applied as needed where there is "ambiguity concerning the ambit of criminal statutes" to effectuate the principles that "fair warning should be given to the world[,] in language that the common world will understand, of what the law intends to do if a certain line is passed[,]" and that "legislatures and not courts should define criminal activity," has any application here. United States v. Bass, 404 U.S. 336, 347-48 (1971) (citations omitted), superseded by statute on other grounds, Pub. L. No. 99-308, § 104(b), 100 Stat. 459 (1986).

No one questions that Appellant knew of the nature of the drug and knew that he had it on his person.  And no one suggests that he had either a legal justification or authorization to possess drugs.  There is a "mind at fault."  Thomas, 65 M.J. at __ (6) (citation and quotation marks omitted).  Consequently, in light of Article 112a, UCMJ, as it is drafted, Appellant's plea was provident.

I respectfully dissent.

4