UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant GILBERT L. PARKER
 United States Army, Appellant

 ARMY 20090825

 Headquarters, Multi-National Corps-Iraq
 Stephen R. Henley, Military Judge
 Colonel Jeffrey C. McKitrick, Staff Judge Advocate

For Appellant: Captain Shay Stanford, JA; Captain Brent A. Goodwin, JA (on
brief).

For Appellee: Lieutenant Colonel Martha L. Foss, JA (on brief).

 12 January 2010

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 A military judge sitting as a special court-martial convicted
appellant, pursuant to his pleas, of conspiracy to commit an indecent act,
violation of a lawful general order, indecent act, obstruction of justice,
and wrongful distribution of naked images of fellow soldiers, in violation
of Articles 81, 92, 120, and 134 Uniform Code of Military Justice
[hereinafter UCMJ], 10 U.S.C. §§ 881, 892, 920, and 934. The military
judge sentenced appellant to a bad-conduct discharge and confinement for
twelve months. The convening authority approved the adjudged sentence.
The case has been submitted to this court for review on the merits pursuant
to Article 66, UCMJ.

 FACTS

 Appellant pled guilty to wrongful distribution of naked images of
fellow soldiers by exceptions and substitutions. After appellant’s
exceptions, the specification alleged that appellant distributed the sexual
images to one person on one date, but the specification still listed that
the distribution occurred at two places: Fort Dix, New Jersey and COB
Basra, Iraq. Both the military judge’s recitation of the elements and
appellant’s responses pursuant to the providence inquiry reflect that the
distribution occurred only at COB Basra, Iraq.

 LAW

 We review a military judge's acceptance of a guilty plea for an abuse
of discretion. United States v. Eberle, 44 M.J. 374, 375 (C.A.A.F. 1996)
(citing United States v. Gallegos, 41 M.J. 446 (C.A.A.F. 1995)). We will
not overturn a military judge's acceptance of a guilty plea unless the
record of trial shows "a 'substantial basis' in law and fact for
questioning [it]." Id. (citing United States v. Prater, 32 M.J. 433, 436
(C.M.A. 1991)). A providence inquiry into a guilty plea must establish
that the accused believes and admits that he is guilty of the offense and
that the factual circumstances admitted by the accused objectively support
the guilty plea. United States v. Garcia, 44 M.J. 496, 497-98 (C.A.A.F.
1996) (citing United States v. Higgins, 40 M.J. 67, 68 (C.M.A. 1994);
United States v. Davenport, 9 M.J. 364, 367 (C.M.A. 1980)).

 The factual circumstances admitted by appellant do not support his
plea of guilty to the words “at or near Fort Dix, New Jersey, and” for the
offense of wrongful distribution of naked images of fellow soldiers.
Appellant’s plea to these words is, thus, improvident.

 CONCLUSION

 We have considered those matters personally raised by appellant
pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and find
them to be without merit. Appellant remains convicted of wrongful
distribution of naked images of fellow soldiers on one day to one person.
As the fundamental nature of the offense is unaltered by our modification,
a sentence reassessment is not required. See United States v. Augustine,
53 M.J. 95 (C.A.A.F. 2000).

 We amend Specification 2 of Charge IV by excepting the words “at or
near Fort Dix, New Jersey, and” and affirm the specification as modified.
The remaining findings of guilty and the sentence are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court