# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class MATTHEW R. STREMPLER**
**United States Army, Appellant**

ARMY 20100989

Headquarters, 1st Cavalry Division (trial)
Headquarters, III Corps and Fort Hood (post-trial)
Gregory Gross, Military Judge
Lieutenant Colonel Mark H. Sydenham, Staff Judge Advocate

For Appellant:  Captain Brandon H. Iriye, JA (argued); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Brandon H. Iriye, JA (on brief).

For Appellee:  Captain Jessica J. Morales, JA (argued); Lieutenant Colonel Amber J. Roach, JA; Captain Edward J. Whitford, JA; Captain Jessica J. Morales (on brief).

10 June 2013

-----------------------------------
MEMORANDUM OPINION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of absence without leave, failure to go to appointed place of duty, disobeying a noncommissioned officer, and possession of child pornography in violation of Articles 86, 91, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, and 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for twenty months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority, pursuant to a pretrial agreement, approved only so much of the sentence as provided

for a bad-conduct discharge, 328 days of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1.[1]

This case is before us for review under Article 66, UCMJ. Appellate defense counsel originally raised one assignment of error to this court, and appellant personally submitted matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Following our review of the record, we ordered briefs on two additional issues. Pursuant to appellate defense counsel's request, we then heard oral argument on these issues. One of these issues merits discussion and relief. The remaining specified issue and the assignment of error raised by appellant are rendered moot by our decision below. Those matters appellant personally raises pursuant to *Grostefon* are without merit.

## BACKGROUND

Appellant was charged with knowingly possessing child pornography, as defined by 18 U.S.C. § 2256(8), in violation of Article 134, UCMJ. The Specification of Charge III alleged:

> In that [appellant], U.S. Army, did, on or about 8 August 2009, at or near Joint Security Station McHenry, Iraq, knowingly possess ten video files of child pornography *as defined by 18 U.S.C. 2256(8)* on his Compaq Presario Laptop, such conduct being prejudicial to good order and discipline in the armed forces or of a nature to bring discredit upon the armed forces. (emphasis added).

Appellant initially entered a plea of not guilty to this specification and charge but pleaded guilty to several other minor offenses. However, prior to the government going forward on the contested charge, appellant entered into a pretrial agreement with the government and ultimately pleaded guilty to Charge III and its Specification.

During the providency inquiry, the military judge advised appellant of the elements of the offense as follows:

> One, that on or about 8 August 2009, at or near Joint Security Station McHenry, Iraq, you knowingly possessed material, to wit: a Compaq Presario laptop computer, which contained visual depictions, specifically 10 video files;

---

[1] Appellant was credited with 280 days of confinement against his sentence to confinement.

Two, that the visual depictions were of real minors, *or what appeared to be minors*, engaged in sexually explicit conduct;

Three, that at the time, you knew the material you possessed, to wit: the visual depictions, showed sexually explicit conduct;

Four, that you knew that at least one of the persons engaged in sexually explicit conduct in each of the visual depictions was a minor, *or what appears to be a minor*;

Five, the act was wrongful; and

Six, that under the circumstances, your conduct was to the prejudice of good order and discipline in the armed forces, or was of a nature to bring discredit upon the armed forces. (emphasis added).

After listing the elements of the offense, the military judge reiterated that "this offense requires you to have knowingly possessed the material, and to have known that the material contained a real minor engaged in sexually explicit conduct, or what appeared to be a real minor engaged in sexually explicit conduct." He then provided several definitions contained in 18 U.S.C. 2256(8) but modified the definitions by adding the term, "or appears to be a minor."

Following the military judge's recitation of the elements, appellant admitted that he knowingly possessed the ten video files containing child pornography as it was explained to him by the military judge. Appellant and the military judged engaged in the following colloquy:

MJ: When you took a look at those videos – specifically the ten in question here that your're charged with possessing – were they of real minors, or at least what appeared to be minors?

ACC: Yes, sir.

MJ: What were the minors doing in these videos?

ACC: Sexual acts, sir.

3

The military judge continued to add the term "or appears to be a minor" throughout the remainder of the providence inquiry and neither party objected to the use of this terminology. In his responses to the military judge, appellant never stated that the children were "actual" minors and he never asked for clarification from the military judge on what encompassed "or appears to be a minor." Based on the military judge's questions and appellant's responses, the military judge accepted appellant's plea of guilty to the charged offense.

Following the providence inquiry, the military judge asked trial counsel to calculate the maximum sentence. The trial counsel stated, "the maximum sentence is 10 years and 8 months confinement, total forfeitures, dishonorable discharge, and reduction to E-1."[2] Defense counsel did not object to this instruction and the military judge instructed appellant accordingly.

## LAW AND DISCUSSION

Appellant alleges there is a substantial basis in law and fact to question the providency of his plea of guilty to possession of child pornography as defined by 18 U.S.C. § 2256(8). Specifically, appellant argues the military judge provided an erroneous definition of "child pornography" when he failed to provide a definition mirroring that set forth in the Child Pornography Prevention Act, 18 U.S.C. § 2256(8) (2006), but instead provided a definition encompassing conduct specifically found to be outside that criminalized by the federal statute, and, as a result, appellant did not understand the offense to which he pleaded guilty.

"A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion." *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996) (citing *United States v. Gallegos*, 41 M.J. 446 (C.A.A.F. 1995)). An appellate court will not set aside a guilty plea unless there is "a 'substantial basis' in law and fact for questioning the guilty plea." Id. (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)).

A military judge can abuse his discretion if he accepts appellant's guilty plea based upon "an erroneous view of the law." *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F.

---

[2] Appellant was convicted of absence without leave for less than three days, failing to report to his appointed place of duty, willfully disobeying a superior noncommissioned officer, and possession of child pornography. The correct maximum punishment for these offenses includes a dishonorable discharge, confinement for eleven years and two months, forfeiture of all pay and allowances, and reduction to the grade of E-1. Thus, the military judge erred in advising appellant on the correct maximum punishment. However, this error is rendered moot by this decision.

2008)). A knowing and voluntary plea requires the military judge to explain the elements of an offense to the accused and to elicit the factual basis of the offense. *United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003) (citations omitted). Failure to do so constitutes reversible error unless "it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty." *Id.* (quoting *United States v. Jones*, 34 M.J. 270, 272 (C.M.A. 1992)). "The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts." *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *United States v. Care*, 18 U.S.C.M.A. 535, 538–39, 40 C.M .R. 247, 250–51 (1969)). An accused must understand "the nature of the charges brought against him . . . ." *Id.* (citations omitted). "[A]n accused has a right to know to what offense and under what legal theory he or she is pleading guilty." *Id.*

In this case, appellant was charged with knowingly possessing child pornography as defined by 18 U.S.C. § 2256(8). The term "child pornography" in 18 U.S.C. § 2256(8) is defined as follows:

> [A]ny visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—
>
> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
>
> (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
>
> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

During the providency inquiry, the military judge, rather than using the definition set forth in the federal statute, *sua sponte* and without reason or explanation expanded the definition of child pornography by utilizing the pre-*Ashcroft* language of "what appears to be a minor." "The United States Code does not criminalize possession of 'what appears to be' child pornography. In fact, while such possession was criminal under a prior version . . . that statute was amended to remove reference to such conduct." *United States v. Beaty*, 70 M.J. 39, 43 (C.A.A.F.

2011).  Our inquiry therefore becomes whether the military judge's use of the "what appears to be" language creates a substantial basis in law and fact to question appellant's plea to possession of child pornography as charged and defined by 18 U.S.C. § 2256(8).  We conclude that it does.

An essential aspect of informing appellant of the nature of the offense is a correct definition of legal concepts.  When applying 18 U.S.C. § 2256(8), "[t]he relevant provisions of [the statute] require the image depict an actual minor engaging in sexually explicit conduct."  *United States v. O'Connor*, 58 M.J. 450, 453 (C.A.A.F. 2003).  However, throughout the entire providency inquiry, the military judge failed to adequately advise appellant the images in question must contain an "actual" minor.  Instead, the military judge provided an overly broad definition of child pornography that included conduct not proscribed by the statute.  Further, the record does not reflect appellant independently understood the images in his possession must be of, or indistinguishable from, a real minor to bring his conduct within the definition used in charging him with possession of child pornography.  Thus, we are not confident appellant understood the offense for which he was charged, to which definition of child pornography he was pleading guilty, and what maximum punishment applied to his conduct.  *See Medina*, 66 M.J. at 26.

Because the military judge failed to properly advise appellant of the charged definition of child pronography, there are insufficient facts in the record to establish appellant understood the offense for which he was convicted without exception.  *See O'Connor*, 58 M.J. at 453 (C.A.A.F.2003) (finding appellant's plea improvident because "the military judge utilized the pre- [*Ashcroft v.] Free Speech Coalition*, [535 U.S. 234 (2002)] provisions of 18 U.S.C. § 2256(8) to explain the definition of 'child pornography' to [a]ppellant."); *United States v. Pretlow*, 13 M.J. 85, 88–89 (C.M.A.1982) (finding appellant's plea improvident because the military judge did not explain "the elements of the substantive offense which was the object of the conspiracy").  We could possibly affirm a conviction of the lesser-included offense of possession of child pornography, not defined by the federal statute but still satisfying the terminal element of Article 134, UCMJ, which would then reduce the maximum sentence to confinement for this crime from ten years to only four months.  However, in this case, we decline to do so.  Consequently, we will set aside the findings of guilty, in their entirety, to Charge III and its Specification in our decretal paragraph.

## CONCLUSION

The findings of guilty to Charge III and its Specification are set aside.  The remaining findings of guilty are AFFIRMED.  The sentence is set aside.  The same or a different convening authority may order a rehearing on Charge III and its Specification and the sentence.  If the convening authority determines that a

rehearing on Charge III and its Specification is impracticable, he may dismiss the charge and order a rehearing on the sentence only.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court