# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman CHRISTOPHER B. JAGASSAR
### United States Air Force

## ACM 38228

## 04 February 2014

Sentence adjudged 29 August 2012 by GCM convened at Dover Air Force Base, Delaware.  Military Judge: Mark L. Allred (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 9 years, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant:  Captain Travis K. Ausland.

Appellate Counsel for the United States:  Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Captain Thomas J. Alford; and Gerald R. Bruce, Esquire.

Before

ROAN, MARKSTEINER, and WIEDIE
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

WIEDIE, Judge:

At a general court-martial the appellant was convicted, in accordance with his pleas, of one specification of carnal knowledge; five specifications of indecent acts; four specifications of possession of child pornography; four specifications of production of child pornography; three specifications of communicating indecent language; and one specification of willfully disobeying a superior commissioned officer, in violation of Articles 120, 134, and 90, UCMJ, 10 U.S.C. §§ 920, 934, 890.  The appellant also pled guilty to one additional specification of communicating indecent language, but this specification was dismissed after arraignment when the military judge determined the appellant's plea was not provident.  The adjudged sentence consisted of a dishonorable

discharge, confinement for 9 years, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the sentence as adjudged.[1]

On appeal, the appellant argues that his plea to Specification 5 of Charge I, indecent acts, was not provident. We disagree and, for the reasons discussed below, affirm the findings and sentence.

*Background*

The appellant and Senior Airman (SrA) DJ met when they were both stationed at Dover Air Force Base, Delaware. They began dating in September 2010 and dated until August 2011. During the course of their relationship, the appellant persuaded SrA DJ to take pictures of herself inserting various items into her vagina and then send them to him via text message. While SrA DJ was initially reluctant to do so, she eventually agreed and willingly engaged in the conduct. Some of the items SrA DJ inserted into her vagina were worms, goldfish, a hermit crab, and tree branches. The appellant also convinced SrA DJ to allow him to insert a sea anemone into her vagina. The appellant attempted to insert the sea anemone into SrA DJ's vagina, but had to stop when the animal stung her with its tentacles.

During the providency inquiry, the military judge advised the appellant that:

Article 120 of the Uniform Code of Military Justice is not intended to regulate the wholly private consensual activities of individuals. In the absence of aggravating circumstances, private consensual sexual activity, including sexual intercourse and/or sodomy, is not punishable as an indecent act. Among possible aggravating circumstances is that the sexual activity was open and notorious.

After the appellant explained in his own words why he thought he was guilty of the offense, the military judge asked him to elaborate on why he thought this consensual and private activity of two adults constituted an indecent act. After a recess, the appellant explained that he thought his conduct was indecent because he manipulated SrA DJ into engaging in the acts and that the acts were unhygienic and degrading. The appellant also explained that, although it was not his intent, SrA DJ suffered vaginal injuries and bleeding when she inserted the tree branch into her vagina.

---

[1] We note several mistakes in the court-martial order (CMO). First, the phrase "and was produced using materials which have been mailed, shipped, or transported in interstate or foreign commerce" is included in the CMO in Specifications 1, 2, 3, and 4 of Charge II. The same charge and specifications on the charge sheet have this phrase crossed out and initialed (although not dated). Second, the CMO incorrectly includes the word "producing" twice in in Specification 6 of Charge II. The same charge and specification on the charge sheet includes this word only once. Finally, we note the appellant pled not guilty to Specifications 2 and 3 of Charge I and Specifications 13, 14, and 15 of Charge II and that these Specifications were dismissed after arraignment. These pleas are not reflected on the CMO. Promulgation of a corrected CMO properly reflecting these corrections is hereby ordered.

Although he initially expressed concern, the military judge ultimately accepted the appellant's plea as provident and entered a finding of guilty to the specification. The military judge noted he felt the element of indecency was met because of the manipulation engaged in by the appellant, the unhygienic nature of the acts, and the fact that SrA DJ suffered physical pain as a result of inserting a tree branch into her vagina.

*Providence of Guilty Plea to Specification 5 of Charge I*

In determining whether a guilty plea is provident, the test is whether there is a "substantial basis in law and fact for questioning the guilty plea." *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002) (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). "In order to establish an adequate factual basis for a guilty plea, the military judge must elicit 'factual circumstances as revealed by the accused himself [that] objectively support that plea[.]'" *Jordan*, 57 M.J. at 238 (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)) (alterations in original). The providency inquiry must reflect the accused understood the nature of the prohibited conduct. *United States v. Sapp*, 53 M.J. 90, 92 (C.A.A.F. 2000). "[A] military judge must explain the elements of the offense and ensure that a factual basis for each element exists." *United States v. Barton*, 60 M.J. 62, 64 (C.A.A.F. 2004) (citing *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996)). We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996) (citing *United States v. Gallegos*, 41 M.J. 446 (C.A.A.F. 1995)). Further, when reviewing the providency, this Court does not "end[] our analysis at the edge of the providence inquiry, but rather, look[s] to the entire record." *Jordan,* 57 M.J. at 239.

An indecent act is criminally punishable when "[a]ny person . . . engages in indecent conduct." *Manual for Courts-Martial, United States* (*MCM*), Part IV, ¶ 45.a.(k) (2008 ed.). The *Manual* identifies the elements of indecent acts as follows: "(a) [t]hat the accused engaged in certain conduct; and (b) [t]hat the conduct was indecent conduct." *MCM*, Part IV, para 45.b.(11). "Indecent conduct" is defined, in part, as "that form of immorality relating to sexual impurity that is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations." *MCM*, Part IV, ¶ 45.a.(t)(12). Our superior court has noted that "private consensual sexual activity is not punishable as an indecent act absent aggravating circumstances." *United States v. Goings*, 72 M.J. 202, 205 (C.A.A.F. 2013) (citing *United States v. Snyder*, 4 C.M.R. 15, 19 (C.M.A. 1952)); *United States v. Berry*, 20 C.M.R. 325, 330 (C.M.A. 1956).

While the appellant does not challenge the constitutionally of the offense of indecent acts on its face, he does assert that it is unconstitutional as applied to him. The appellant did not raise this challenge at trial. The error now alleged by the appellant is constitutional in nature. Because our superior court has articulated a "presumption

against the waiver of constitutional rights" and a requirement that a waiver "clearly establish[ ] . . . an intentional relinquishment of a known right or privilege," we consider the alleged error forfeited, not waived, and review for plain error. *United States v. Sweeney*, 70 M.J. 296, 303-4 (C.A.A.F. 2011) (quoting *United States v. Harcrow*, 66 M.J. 154, 157 (C.A.A.F. 2008)) (internal quotations marks omitted). In reviewing under plain error, we will grant relief only where "(1) there was error, (2) the error was plain and obvious, and (3) the error materially prejudiced a substantial right of the accused." *Sweeney*, 70 M.J. at 304 (citing *Harcrow*, 66 M.J. at 158).

We review de novo whether a statute, as applied, is unconstitutional. *United States v. Ali*, 71 M.J. 256, 265 (C.A.A.F. 2012) (citing *United States v. Disney*, 62 M.J. 46, 48 (C.A.A.F. 2005)). The determination whether a statute is unconstitutional as applied is fact-specific. *Id.*

Relying on *Lawrence v. Texas*, 539 U.S. 558 (2003), the appellant argues that his conviction of indecent acts with SrA DJ violates his constitutionally protected liberty interests. In *Lawrence,* the Court held that individuals have a liberty interest that protects consensual "private sexual conduct." *Id.* at 578 (citing *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 847, (1992)). The Court further noted, however, that the facts of *Lawrence* did not "involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused." *Id.* Furthermore, the privacy interest acknowledged in *Lawrence* is not exempt from adaptation to the military environment. *See United States v. Marcum*, 60 M.J. 198, 207 (C.A.A.F. 2004) (noting there are "additional factors relevant solely in the military environment that affect the nature and reach of the *Lawrence* liberty interest").

The majority of cases addressing what constitutes "indecent conduct" deal with "open and notorious" conduct. There is little case law which addresses other aggravating circumstances that would make a private consensual sexual act between consenting adults punishable as an indecent act under Article 120, UCMJ. It is undisputed that *Lawrence* extends constitutional protection to certain private acts involving consenting adults. What is less clear is how far that protection extends and what acts are sufficiently aggravating to fall outside the scope of the protection afforded by *Lawrence*.

The Supreme Court acknowledged there were limits to the conduct that fell within the protections of the *Lawrence* liberty interests, specifically recognizing its holding did not extend to situations involving "persons who might be injured or coerced." 539 U.S. at 560. In the present case, there was some discussion on the record concerning coercion on the part of the appellant in order to persuade SrA DJ to engage in the acts at issue. We do not, however, believe the level of "coercion" described by the appellant during his *Care*[2] inquiry rises to the level to remove his conduct from the protections

---

[2] *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

afforded to the private sexual conduct of consenting adults. While SrA DJ may initially have been reluctant to engage in the requested acts, the evidence on the record is that she ultimately became a willing participant in the acts. The record developed at trial fails to establish facts sufficient to evidence the coercion we believe the Supreme Court was referencing as opposed to a situation where words alone are used to convince someone to do something he or she may not have otherwise been willing to do. On the other hand, this case also involved another factor identified by the Supreme Court, namely injury. Although the appellant stated he did not intend for SrA DJ to be injured when she complied with his request to insert a tree branch into her vagina, the fact remains she was injured and sustained vaginal bleeding. A reasonable person would appreciate the high probability of injury associated with a person inserting a tree branch in her vagina.

Aside from the injury sustained by SrA DJ, there is an additional aggravating factor which takes this case outside the scope of *Lawrence*. Here, the appellant convinced SrA DJ to photograph herself inserting worms, a hermit crab, and fish in her vagina and then send the images to him. He also persuaded her to allow him to insert a sea anemone into her vagina which resulted in SrA DJ being stung by the animal. We recognize that it is not easy to establish a bright-line definition of the range of sexual acts, if done in private by consenting adults, which are protected by the liberty interest identified in *Lawrence*. We are cognizant of the fact that sexual acts some individuals might find offensive and repugnant are still protected in the privacy of one's bedroom. Nonetheless, there are limits to that protection. Wherever that line might fall, the insertion of living animals into the female sex organ clearly falls outside of that protection. Such conduct is "grossly vulgar, obscene, and repugnant to common propriety." *MCM*, Part IV, ¶ 45.a.(t)(12).

The conduct encouraged by the appellant which involved the use of animals and resulted in injury to SrA DJ meets the requirement for aggravating factors necessary to criminally punish the wholly private consensual activities of individuals. Therefore, we do not find error, plain or otherwise, and conclude that the appellant's conduct clearly fell outside the realm of constitutional protection recognized in *Lawrence*. As such, we find the appellant's plea to Specification 5 of Charge I to be provident.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000).

Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38228