**UNITED STATES, Appellee,**

v.

**Brian F. PITT, Specialist U.S.
Army, Appellant.**

No. 67,272.

CM 9101231.

U.S. Court of Military Appeals.

Argued July 30, 1992.

Decided Sept. 30, 1992.

For Appellant: *Captain Michael E. Smith* (argued); *Colonel Robert B. Kirby, Lieutenant Colonel James H. Weise, Captain James M. Heaton, Captain Mark L. Toole* (on brief).

For Appellee: *Captain Marcus A. Brinks* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Major Joseph C. Swetnam* (on brief).

*Opinion of the Court*

WISS, Judge:

At his general court-martial, appellant pleaded guilty to desertion, violating a lawful general regulation (2 specifications), failure to obey a lawful order, distribution of marijuana, and possession of marijuana with intent to distribute while on duty as a sentinel, *see* Arts. 85, 92, and 112a, Uniform Code of Military Justice, 10 USC §§ 885, 892, and 912a, respectively. After a providence inquiry into these pleas and entry of findings substantially in conformance with the pleas, the members sentenced appellant to a dishonorable discharge, confinement for 4 years, total forfeitures, and reduction to the lowest enlisted grade.

The convening authority approved these results, and the Court of Military Review affirmed without opinion. Thereafter, this Court specified the following issue for review:

> WHETHER APPELLANT'S PLEAS OF GUILTY TO SPECIFICATION 3 OF CHARGE II (WRONGFUL POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE WHILE POSTED AS A SENTINEL) IS IMPROVIDENT AS APPELLANT SPECIFICALLY DENIED INTENT TO DISTRIBUTE DRUGS WHILE ON DUTY.

Appellant's judicial admissions are uncontroverted that he possessed 49.8 grams of marijuana while he was posted as a

sentinel and that, at the same time, he had the intent to distribute the marijuana at *some* future time. *See generally United States v. Brown*, 19 MJ 63, 64 (CMA 1984) (crime of possession with intent to distribute requires "specific intent" to distribute the drug); *United States v. Gomez–Tostado*, 597 F.2d 170, 173 (9th Cir.1979) (possession with intent to distribute established where "intent coincides at some point with possession"); *United States v. Pope*, 561 F.2d 663, 670 (6th Cir.1977) (intent to distribute established by proving "intention to distribute the substance sometime in the future"). He expressly disclaimed, though, that he intended actually to make any distribution while on duty as a sentinel.

■ Thus, as the specified issue suggests, the fundamental question before the Court is whether, to be guilty of the offense as charged, appellant must have intended actually to *make* a distribution of marijuana while he was on duty as a sentinel. Now, after further consideration, we conclude that this question must be answered in the negative and, so, that appellant's pleas of guilty to the offense in question were provident.

## I

Article 112a(a) of the Uniform Code of Military Justice addresses seven distinct criminal acts involving controlled substances: wrongful use, possession, manufacture, distribution, importation into the U.S., exportation from the U.S., or introduction into a military installation, vessel, vehicle, or aircraft. The scheme of maximum punishments for these offenses is set out by the President in paragraph 37e, Part IV, Manual for Courts–Martial, United States, 1984. *See* Art. 36(a), UCMJ, 10 USC § 836(a).

As to marijuana of a quantity of 30 grams or more, wrongful use, possession, manufacture, or introduction is punishable by maximum confinement of 5 years, *see* para. 37e(1)(a). Subsection (2)(a), though, stipulates that "[w]rongful distribution, possession, manufacture, or introduction of

controlled substance with intent to distribute, or wrongful importation or exportation of" marijuana may be punished by confinement for 15 years.

Although this latter provision is not well punctuated, we believe that, in light of subsection (1)(a), the clear meaning is to attach the greater punishment to distribution; to possession, manufacture, or introduction where, in any case, it was with intent to distribute; to wrongful importation; and to wrongful exportation. Thus, relevant to this appeal, the crime of wrongful possession of marijuana with intent to distribute is punishable by confinement for 15 years.

## II

As indicated earlier, appellant's providence inquiry clearly and consistently established his guilt of this crime. The issue now before this Court arose by the Government's effort to aggravate this crime still further for punishment purposes by alleging that appellant's misconduct occurred while he was posted as a sentinel.

After subsections (1) and (2) establish the punishments summarized above, the last sentence of paragraph 37e states:

> When any offense under paragraph 37 is committed [:] while the accused is on duty as a sentinel or lookout; on board a vessel or aircraft used by or under the control of the armed forces; in or at a missile launch facility used by or under the control of the armed forces; while receiving special pay under 37 U.S.C. § 310; or in time of war, the maximum period of confinement authorized for such offense shall be increased by 5 years.

As we have already analyzed the punishment scheme in paragraph 37e(1) and (2), the possible offenses that are distinct crimes for purposes of determining maximum punishment and that, therefore, are subject to this escalator are as follows: use, possession, manufacture, introduction, distribution, *possession with intent to distribute*, manufacture with intent to distrib-

ute, introduction with intent to distribute, importation, and exportation. The offense emphasized—possession with intent to distribute, where the possession and the intent to distribute must coincide but where the intent may be to distribute at some future, unspecified time, *see* cases cited *supra*—was committed while appellant was on duty as a sentinel. Accordingly, the maximum period of confinement for which appellant was liable was 20 years, not just 15.*

Appellant's argument to the contrary rests primarily on policy grounds—an effort to convince this Court as to what is the policy behind the duty-as-a-sentinel enhancement provision. He reasons:

> Historically, in the military, those performing the duties of a sentinel or lookout have been imposed with a special trust and responsibility unique to that position. There is nothing significantly aggravated about a soldier possessing marijuana while on sentinel or lookout duty and intending to distribute it at some later point while off duty. However, the concept of a sentinel actually distributing drugs (or intending to distribute drugs) while occupied in those duties and relied upon by fellow soldiers to provide for their security presents an extremely aggravated circumstance and justifies the imposition of a more severe punishment for one convicted of that offense.

Final Brief at 5–6.

Initially, it would appear that appellant's policy argument is too narrow. It logically would seem, for instance, that a soldier who possesses marijuana while on sentry duty who intends to distribute that mari-

juana once he is off duty *does* present an aggravated risk that his alertness and vigilance as a sentry might be compromised by his attention to or preoccupation with his illicit business transactions.

Apart from that, however, we remind appellant that sentencing policy statutorily rests, for the most part, in the hands of the President of the United States, *see* Art. 56. The President, in the portion of paragraph 37e of the Manual quoted earlier, articulated his decision that *any* drug offense discussed in that paragraph is subject to a 5-year escalation in punishment if committed while on duty as a sentry. Thus, simply possessing the marijuana while on sentry duty, which is admitted, without even having *any* intent to distribute it, would cause the escalator to apply.

### III

■ Accordingly, on the basis of our reading of the whole of paragraph 37e, we hold that appellant's disclaimer of any intent actually to make distribution of the marijuana while on sentry duty is not in substantial conflict with his guilty pleas. He admitted that he possessed the marijuana in question while he was posted as a sentinel and that, at the same time, he intended at some time in the future to distribute it. For purposes of his pleas and the punishment to which those pleas subjected him, *when* the distribution was to be made is not relevant.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.

---

* This construction is totally consistent with the unique position of trust and responsibility imposed on a sentinel in the military establishment, coupled with the legal concept of enhanced punishment for drug offenses under circumstances where the risk of accidental or unintended exposure is great. *See, e.g., United States v. Wake,* 948 F.2d 1422 (5th Cir.1991).