OPINION OF THE COURT
MORGAN, Judge:
The appellant was tried by a general court-martial composed of officer and enlisted members. Pursuant to his pleas, he was convicted of conspiracy to import and distribute cocaine and heroin, introduction of cocaine and heroin onto a military installation with intent to distribute, and importation of cocaine while on board a military aircraft, in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 912a (1988) [hereinafter UCMJ]. The court sentenced him to a dishonorable discharge, confinement for twenty years, forfeiture of all pay and allowances, and reduction to Private El. The convening authority, pursuant to a pretrial agreement, approved the adjudged sentence but suspended confinement in excess of nine years for a period of twelve months.
Before this court the appellant contends, inter alia, that his pleas of guilty to two specifications alleging the wrongful introduction of controlled substances onto a military installation with the intent to distribute were improvident. He correctly argues that both the providency inquiry and the stipulation of fact reflect that he never introduced contraband onto Howard Air Force Base, Panama, with the intent to distribute that contraband on that installation. The military judge did not elicit any information that the appellant either directly or as an accomplice intended to engage in any distribution on the base. The appellant’s expressed intent was merely to transport the contraband onto Howard Air Force Base in order to catch a military flight to the United States, and then consummate a drug deal in New York City.
We find that the appellant’s pleas of guilty were provident to these offenses. Neither the UCMJ nor the Manual for Courts-Martial addresses where the actual distribution of a controlled substance is to take place in a ease where introduction of the drugs onto a military installation with an intent to distribute is alleged. There are obvious dangers arising out of the presence of drugs on a military installation, even when the possessor intends to distribute the drugs elsewhere. The gravamen of the offense of introduction with the intent to distribute is twofold: violating the integrity of a military installation’s drug-free environment, and the presence on the installation of an individual who tráfficks in illegal drugs for profit. The appellant testified that he introduced the drugs onto the installation and that he intended to eventually distribute these drugs for profit. He admitted conduct that is denounced by this offense.
In cases of possession with an intent to distribute, the intent to distribute is satisfied by proving an intent to distribute “sometime *606 in the future” — the actual location of the intended distribution is not critical. See United States v. Pitt, 35 M.J. 478 (C.M.A. 1992) (charge of possession with intent to distribute while posted as sentinel does not require actual distribution while on duty); United States v. Gomez-Tostado, 597 F.2d 170 (9th Cir.1979) (possession in the United States with intent to distribute in a foreign country); United States v. Wake, 948 F.2d 1422 (5th Cir.1991) (“Schoolyard statute” providing penalty enhancement for possession with intent to distribute within 1,000 feet of a school is directed at mere presence of drugs near schools and does not require intent to distribute drugs within 1,000 feet of a school). We find no compelling reason to distinguish introduction with intent to distribute from possession with intent to distribute for purposes of this rule and, accordingly, the appellant’s plea to introduction with intent to distribute was provident. United States v. Prater, 32 M.J. 433 (C.M.A.1991).
We have considered appellant’s remaining assertion of error and find that it is also without merit.
The findings of guilty and the sentence are affirmed.
Senior Judge CREAN and Judge GONZALES concur.