Judge STUCKY
delivered the opinion of the Court.
We granted review in this case to consider whether the offense of wrongful introduction of a controlled substance onto a military installation, Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2000), requires, as an essential element, that the accused knew he was taking a controlled substance onto an installation. We hold that it does.
*133 i.
Pursuant to a pretrial agreement, Appellant pled guilty at a special court-martial to physically controlling a vehicle while impaired by marijuana and wrongfully introducing marijuana onto an installation used by the armed forces, in violation of Articles 111 and 112a, UCMJ, 10 U.S.C. §§ 911, 912a (2000). In a stipulation of fact, Appellant and the Government agreed that Appellant “did not pass through a security gate and was unaware that he was driving on military property.”[1]
In light of that stipulated fact, the military judge questioned whether Appellant’s guilty plea would be provident. Describing the offense as a “strict liability crime,” the military judge determined that an accused need not have knowledge he was taking drugs onto an installation to be guilty of the offense, and accepted Appellant’s pleas. The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, and forfeiture of $750 pay per month for five months. The convening authority approved the findings and sentence and complied with the pretrial agreement by suspending all confinement of more than ninety days. The United States Navy-Marine Corps Court of Criminal Appeals affirmed, explicitly adopting the “strict liability” approach. United States v. Thomas, No. NMCCA 200401690, 2005 CCA LEXIS 404, 2005 WL 3591169 (N.M.Ct.Crim.App. Dec. 19, 2005).
II.
In modern criminal law, it is generally accepted that a crime consists of two components: the actus reus (an act or omission) and the mens rea (a particular state of mind). Joshua Dressier, Understanding Criminal Law § 9.01, at 91 (4th ed.2006); Wayne R. LaFave, 1 Substantive Criminal Law § 5.1, at 332 (2d ed.2003). “Few areas of criminal law pose more difficulty than the proper definition of the mens rea required for any particular crime.” United States v. Bailey, 444 U.S. 394, 403, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980).
“[T]he mental ingredients of a particular crime may differ with regard to the different elements of the crime.” LaFave, supra, § 5.1(d), at 338. “ ‘[Cjlear analysis requires that the question of the kind of culpability required to establish the commission of an offense be faced separately with respect to each material element of the crime.’ ” Bailey, 444 U.S. at 406, 100 S.Ct. 624 (quoting Model Penal Code § 2.02 Comments, at 123 (Tentative Draft No. 4, 1955)).
III.
Article 112a, UCMJ, provides that any person subject to the UCMJ “who wrongfully uses, possesses, ... or introduces into an installation ... used by or under the control of the armed forces a substance described in subsection (b) shall be punished as a court-martial may direct.” (Emphasis added). Subsection (b) includes marijuana. Article 112a(b), UCMJ. The statute does not define the term “wrongful.” See id.
The President, in the Manual for Courts-Martial, sets out two elements for the offense of wrongful introduction of a controlled substance onto a military installation: “(a) That the accused introduced onto a[n] ... installation used by the armed forces or under the control of the armed forces a certain amount of a controlled substance; and (b) That the introduction was wrongful.” Manual for Courts-Martial, United States pt. IV, para. 37.b.(4) (2005 ed.) (MCM). The MCM further states that use, possession, or introduction of a controlled substance onto a military installation is wrongful if it is done “without legal justification or authorization.” Id. para. 37.c.(5).
As the Navy-Marine Corps Court noted, the question in this ease appears to be one of first impression. This case involved a plea of guilty, which will be rejected only where the record of trial shows a substantial basis in law and fact for questioning the plea. *134 United States v. Prater, 32 M.J. 433, 436 (C.M.A.1991); United States v. Logan, 22 C.M.A. 349, 350-51, 47 C.M.R. 1, 2-3 (1973). “A military judge’s decision to accept a guilty plea is reviewed for an abuse of discretion.” United States v. Eberle, 44 M.J. 374, 375 (C.A.A.F.1996) (citing United States v. Gallegos, 41 M.J. 446 (C.A.A.F.1995)). But we review de novo the military judge’s exposition of the elements of the offense to which the accused is pleading guilty. See United States v. Mason, 60 M.J. 15, 18 (C.A.A.F.2004); Gallegos, 41 M.J. at 447.
While the question of actual knowledge in the context of introduction is a novel one, the development of the law of possession of drugs is instructive. From the earliest days, this Court has held that the offense of possession of drugs contains a mens rea requirement. Specifically, we held that, in order to wrongfully possess drugs within the meaning of Article 112a, UCMJ (or Article 134, UCMJ, 10 U.S.C. § 934, in former times), the accused had to have (1) knowledge of the physical presence of the substance; and (2) knowledge of its contraband nature. United States v. Mance, 26 M.J. 244, 253-54 (C.M.A.1988); United States v. Greenwood, 6 C.M.A. 209, 212-16, 19 C.M.R. 335, 338-42 (1955). While, in a litigated case, the presence of drug metabolites in an accused’s urine may give rise to a permissive inference of wrongfulness, see United States v. Harper, 22 M.J. 157, 162 (C.M.A.1986), the setting up of information inconsistent with the above knowledge requirements mandates rejection of a guilty plea in a possession case. See United States v. Thompson, 21 C.M.A. 526, 527-28, 45 C.M.R. 300, 301-02 (1972). Our position in Manee and Greenwood is consistent with the traditional understanding of scienter in criminal statutes:
[Wjhere the lawmakers have incorporated into the act a word or words descriptive of the crime which imply the necessity of “a mind at fault before there can be a crime,” criminal intent becomes an essential fact in establishing the guilt of a person accused of its violation____ The word “wrongful” in its legal signification must be defined from a criminal standpoint, since it is here used in a penal statute to define a crime____ The word “wrongful,” like the words “willful,” “malicious,” “fraudulent,” etc., when used in criminal statutes, implies a perverted evil mind in the doer of the act.
Masters v. United States, 42 App. D.C. 350, 356 (D.C.Cir.1914), cited in United States v. West, 15 C.M.A. 3, 7, 34 C.M.R. 449, 453 (1964). Thus, the question is whether the requirement for knowledge, as set out in the possession cases, applies to the accused’s entrance onto a military installation, as well. We believe that it does.
In affirming the military judge’s acceptance of Appellant’s guilty plea, the Court of Criminal Appeals relied on United States v. Harris, 313 F.3d 1228 (10th Cir.2002). The court in Harris interpreted 21 U.S.C. § 860(a) (2000), a provision of the Drug-Free School Zones Act that provides for sentence enhancement in cases in which an underlying drug offense (such as possession with intent to distribute, distribution, or manufacture) takes place within 1,000 feet of a school or college. Following other courts of appeals, the Tenth Circuit held in Harris that the offense did not require actual intent to distribute within the proscribed distance, but simply possession therein, together with an intent to distribute somewhere. Id. at 1240.
We have no quarrel with the result in Harris, which evidently has been duplicated consistently among the circuits. Indeed, we have also so held when presented with a case involving a similar sentence-enhancing provision. United States v. Pitt, 35 M.J. 478 (C.M.A.1992) (holding that an accused’s guilty plea to wrongful possession of marijuana with intent to distribute while posted as a sentinel was provident, despite his denial of an intent actually to distribute it while so posted). Harris, however, is inapposite to the present case. The seminal case on § 860(a) is United States v. Falu, 776 F.2d 46 (2d Cir.1985). In Falu, the Second Circuit, in coming to the same result as the Tenth Circuit in Harris, first noted that the language of § 845a(a) (now 21 U.S.C. § 860(a)) contained no mens rea requirement and that the legislative history of the statute evinced a congressional purpose to create *135 drug-free zones around schools. Id. at 49. More importantly, the court then pointed out that the underlying offenses subsumed in § 845a(a) themselves contained mens rea requirements. Id. at 50. “In this respect,” stated the court, “the schoolyard statute resembles other federal criminal laws, which provide enhanced penalties ... upon proof of a fact of which the defendant need not be aware.” Id. at 49-50.
The prohibition on the introduction of drugs onto a military installation in Article 112a, UCMJ, is not analogous. Unlike the sentence-enhancing provisions in Pitt, Harris, and Falu, it is an independent offense with an explicit requirement that the specified conduct — the introduction of drugs onto a military installation — be “wrongful.”[2] Given the differences in wording and purpose of the two statutes, we find the analogy to Harris and related cases unpersuasive.[3]
We therefore hold that, in order to be convicted of introduction of drugs onto a military installation under Article 112a, UCMJ, the accused must have actual knowledge that he was entering onto the installation. In this case, the stipulated fact that Appellant did not know that he was entering the installation renders his plea to wrongful introduction improvident. See Article 45(a), UCMJ, 10 U.S.C. § 845(a) (2000); Logan, 22 C.M.A. at 350-51, 47 C.M.R. at 2-3; of. United States v. Gosselin, 62 M.J. 349, 351-52 (C.A.A.F.2006) (noting that, in the aiding and abetting context, introduction of drugs is a separate and distinct offense which requires general intent to wrongfully introduce the drugs). However, wrongful possession of drugs is itself a lesser included offense of wrongful introduction under Article 112a, UCMJ. MCM pt. IV, para. 37.d.(5). The admissions made by Appellant during the providence inquiry, together with the stipulation of fact, establish all of the elements of wrongful possession. See United States v. Care, 18 C.M.A. 535, 540, 40 C.M.R. 247, 252 (1969). In affirming a finding of guilty of the lesser included offense, for which the maximum punishment is the same as for the charged offense, and considering the other offense of which he was convicted and the statutory limits of a special court-martial sentence, we conclude that the error in findings was not prejudicial to the sentence. See United States v. Shelton, 62 M.J. 1, 5 (C.A.A.F.2005).
IV.
The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed, except that the specification of Charge II is amended by deleting the words “introduce less than 40 grams of marijuana onto a vessel, aircraft, vehicle, or installation used by the armed forces or under control of *136 the armed forces, to wit: Ft. Lewis Army-Base, Ft. Lewis, Washington” and substituting therefor the words “possess some quantity of marijuana.”

. The stipulation of fact also recited that Appellant’s introduction of marijuana onto the installation "was wrongful.” This is a conclusion of law, not a statement of fact. "Mere conclusions of law recited by an accused are insufficient to provide a factual basis for a guilty plea.” United States v. Outhier, 45 M.J. 326, 331 (C.A.A.F.1996).

. The dissenting opinions rely on principles of statutory construction to conclude that an accused need not know that he is entering a military installation. There is nothing in the legislative history of the statute that indicates a congressional intent to impose criminal liability without mens rea for this offense. H.R.Rep. No. 98-549, at 17 (1983); U.S.Code Cong. & Admin.News 1983, pp. 2177, 2182-83; S.Rep. No. 98-53, at 29 (1983). There is nothing that indicates a contrary intent, either; Congress was silent on the question. We have long adhered to the principle that criminal statutes are to be strictly construed, and any ambiguity resolved in favor of the accused. United States v. Schelin, 15 M.J. 218, 220 (C.M.A.1983); United States v. Rowe, 13 C.M.A. 302, 311, 32 C.M.R. 302, 311 (1962). Where, as here, the legislative intent is ambiguous, we resolve the ambiguity in favor of the accused. Busic v. United States, 446 U.S. 398, 406, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), superseded by statute amendments, 18 U.S.C. § 924.

. We also note that the Military Judges’ Bench-book sets out a recommended instruction, summarized below, for the offense of wrongful introduction of drugs onto an installation, in violation of Article 112a, UCMJ:
(1) That (at time and place) the accused introduced (amount) of (substance) onto an installation under the control of the armed forces, to wit; (name of installation);
(2) That the accused actually knew he introduced the substance;
(3) That the accused actually knew the substance he introduced was (contraband); and
(4) That the introduction by the accused was wrongful.
Dep’t of the Army, Pamphlet 27-9, Military Judges' Benchbook ch. 3, § XXXVII para. 3-37-4c (2001) (emphasis added). We conclude that this instruction is a correct statement of the law.