# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ROBERT T. MARTINEZ**
**United States Army, Appellant**

ARMY 20120042

Headquarters, Fort Bliss
David H. Robertson, Military Judge (arraignment)
Karen W. Riddle, Military Judge (trial)
Colonel Francis P. King, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Jacob D. Bashore, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Samuel Gabremariam, JA (on brief).

25 November 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

KRAUSS, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of wrongful possession of marijuana with intent to distribute and one specification of wrongful introduction of marijuana with intent to distribute in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge and confinement for nine months.

This case is before the court for review under Article 66, UCMJ.  Appellant assigns three errors, all relating to his erroneous conviction of the lesser offense of wrongful possession as well as the greater offense of wrongful introduction.  He also raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We agree that appellant's conviction for wrongful possession should be set aside and dismissed but find no merit to those matters asserted pursuant to *Grostefon*.

We find the wrongful possession offense is necessarily included in the wrongful introduction offense as a matter of fact and law as charged in this case. *See United States v. Thomas*, 65 M.J. 132, 135 (C.A.A.F. 2007); *United States v. Antonitis*, 29 M.J. 217, 219 (C.M.A. 1989). As a result of the multiplicious findings of guilt, Specification 1 of The Charge should be dismissed. *See, e.g. Thomas*, 65 M.J. at 135; *Antonitis*, 29 M.J. at 219; *United States v. Britton*, 47 M.J. 195, 197 (C.A.A.F. 1997), *overruled on other grounds by United States v. Miller*, 67 M.J. 385 (C.A.A.F. 2009). The government does not dispute whether the possession offense is multiplicious with the introduction offense, but, rather, argues that the appellant waived the issue by agreeing as part of a pretrial agreement to "waive all waivable motions," relying on *United States v. Gladue*, 67 M.J. 311 (C.A.A.F. 2009). However, as appellant correctly points out, this court is not bound to enforce such waiver when exercising its authority and responsibility under Article 66(c), UCMJ. *See United States v. Powell*, 49 M.J. 460, 464 (C.A.A.F. 1998); *United States v. Claxton*, 32 M.J. 159, 162 (C.M.A. 1991). In addition, we find this case sufficiently distinguishable from *Gladue* to permit resolution of the matter in appellant's favor despite the waiver term at hand. The discussion between military judge and appellant here remained sufficiently ambiguous as to the extent of the waiver to negate what might otherwise be a knowing, intelligent, and voluntary waiver of the multiplicity issue.

Therefore, after considering the entire record, the parties' briefs, and those matters personally raised by appellant pursuant to *Grostefon*, we set aside the finding of guilty of Specification 1 of The Charge and dismiss the same. The remaining finding of guilty is affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), the court affirms the sentence.

Senior Judge YOB and Judge LIND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court