# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist RICHARD A. GIFFORD**
**United States Army, Appellant**

ARMY 20120545

Headquarters, 2d Infantry Division
T. Mark Kulish, Military Judge
Major Doug J. Choi, Acting Staff Judge Advocate (pretrial)
Lieutenant Colonel Paula I. Schasberger, Staff Judge Advocate (post-trial)

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Captain Robert N. Michaels, JA (on brief); Lieutenant Colonel Jonathan F. Potter, JA; Major Amy E. Nieman, JA; Captain Heather L. Tregle, JA (on brief on specified issues).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Sean P. Fitzgibbon, JA (on brief); Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major John K. Choike, JA (on brief on specified issues).

22 January 2015

----------------------------------
OPINION OF THE COURT
----------------------------------

HAIGHT, Judge:

A panel composed of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of three specifications of failure to obey a lawful general order and one specification of aggravated sexual assault upon one who was substantially incapacitated, in violation of Articles 92 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920 (2006 & Supp. IV) [hereinafter UCMJ]. The members sentenced appellant to a bad-conduct discharge, confinement for forty-five days, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

GIFFORD—ARMY 20120545

This case is before us for review under Article 66, UCMJ. Appellant raises two assignments of error to this court, both of which merit discussion. Those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

## BACKGROUND

On the evening of 30 December 2011, appellant, a 29-year old Specialist (SPC), had four soldiers over to his barracks room on Camp Humphreys, South Korea. Throughout that get-together, there was much drinking and dancing.

Private E-2 (PV2) GB, who was only 19 years old at the time of the incident, testified that appellant gave her multiple alcoholic drinks containing soju. As the evening progressed, PV2 GB became increasingly intoxicated, vomited at one point, and was ultimately led by appellant to lie down on his bed. Shortly thereafter, the other three soldiers departed the room, leaving only appellant and PV2 GB. Then, according to PV2 GB, while she was in a drunken, dizzy, and tired state on the bed with her eyes closed, appellant removed her pants and underwear and proceeded to engage in vaginal intercourse with her despite her repeated albeit whispered protestations. Charged in the alternative with aggravated sexual assault by causing bodily harm and aggravated sexual assault of a substantially incapacitated person, appellant was convicted of engaging in a sexual act with PV2 GB while she was substantially incapacitated.

Appellant was also originally charged with four specifications of violating a 2d Infantry Division policy letter by giving alcohol to the four soldiers, PV2 GB, Private First Class (PFC) HC, PFC IT, and PFC CD, all of whom were alleged to be under 21 years of age. The specification alleging "giving alcohol" to PFC HC did not survive a Rule for Courts-Martial [hereinafter R.C.M.] 917 motion for a finding of not guilty, but appellant was convicted of giving alcohol to the three other underage soldiers.

## LAW AND DISCUSSION

### 1. *Failure to Obey a Lawful General Order*

In his initial brief to this court, appellant claims the evidence is insufficient to sustain his convictions for failing to obey a lawful general order by giving alcohol to those under 21 years of age. The gist of appellant's perceived deficiency is that there was no evidence presented that appellant actually knew the distributees were not of legal drinking age. Assertion of this argument is eminently reasonable given the instructions provided by the military judge to the panel at trial.

2

The pertinent language of the general order alleged to be violated reads, "Service members who are 21 years of age and over may not distribute or give alcohol to anyone under 21 years of age for the purpose of consumption." During preliminary discussions with counsel regarding instructions, the military judge reasoned:

> The other state of mind issue that's raised by the policy letter is it seems fairly implicitly clear, I guess is one way to put it, that the accused, as an element of the offense, has to have known – it's not only that the person receiving the alcohol was under the age of 21 but he has to have known that.

In accordance with the above, the military judge instructed the panel that an element of the Article 92, UCMJ, offenses was that "the accused knew that the person named in the specification was under 21 years of age."

Upon reading appellant's initial brief and the government response, this court specified issues for briefing which questioned whether the military judge was correct in his inclusion of this element entailing knowledge of age.

### a. Sufficiency of the Evidence—Specification 3 of Charge I

First, regardless of the required *mens rea* for the disobedience offenses, we quickly address appellant's conviction for giving alcohol to PFC IT. Although PFC IT testified at trial, no evidence was presented as to his age. The government would have this court infer that this soldier was under 21 years of age based primarily on the facts that he was of relatively low rank and South Korea was his first duty station. Under the facts and circumstances of this case, we decline to take such a leap and believe any such inference would be invalid. *See United States v. Boland*, 1 M.J. 241, 242 (C.M.A. 1975) ("A transcript that provides no clue to the age of a witness, except that which might be inferred from the witness' appearance on the stand, furnishes no basis upon which the convening authority or Court of Military Review can make an informed judgment as to age."). Accordingly, we will set aside the finding of guilty to Specification 3 of Charge I.

### b. Mens Rea Requirement—Knowledge of Age

Second, we disagree with appellant that the evidence was insufficient to sustain convictions for giving alcohol to PV2 GB and PFC CD, people under 21 years of age.

While the military judge was correct that the prohibition in question contained a specific intent requirement in that any alcohol given or distributed would have to

be "for the purpose of consumption," the military judge needlessly imposed a specific knowledge of age requirement. Just because one element of an offense expressly requires specific knowledge or intent, that does not mean that same level of *mens rea* should be imputed to the other elements. "The mental ingredients of a particular crime may differ with regard to the different elements of the crime." *United States v. Thomas*, 65 M.J. 132 (C.A.A.F. 2007) (quoting Wayne R. LaFave, 1 *Substantive Criminal Law*, § 5.1(d), at 338 (2d. ed. 2003)).

At the outset, we recognize,

> The lawmakers have a wide latitude to declare an offense and to exclude elements of knowledge and diligence from its definition. As to the Uniform Code, Congress and the President have adopted a scheme of strict liability in relation to general orders or regulations while requiring, as to other directives, actual notice as an element of punishable disobedience.

*United States v. Leverette*, 9 M.J. 627, 631 (A.C.M.R. 1980) (internal citation omitted); *see also Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 16.c.(1)(d) ("Knowledge of a general order or regulation need not be alleged or proved, as knowledge is not an element of this offense and a lack of knowledge does not constitute a defense."). Therefore, we need simply look to the plain language of the provision in question and determine whether its proponent, acting within his authority, included or excluded a knowledge of age requirement. We determine the 2d Infantry Division Commander excluded such a requirement.

The general order at issue simply prohibits "giv[ing] alcohol to anyone under 21 years of age for the purpose of consumption." While the purpose behind the distribution is specified, the act of "giving" is not otherwise limited, qualified, or conditioned in any way. *Cf. Morissette v. United States*, 342 U.S. 246, 270 (1952) (Appellant was indicted on a charge that he did "unlawfully, wilfully and knowingly" convert property.); *United States v. Stapp*, 60 M.J. 795, 799 (Army Ct. Crim. App. 2004) (In absence of the actual language of the general order alleged to have been disobeyed, this court assumed a knowledge of age requirement, based at least partially on the specification's use of the word "wrongfully.").

We readily acknowledge that not only does the law disfavor interpretations that dispense with a *mens rea* requirement but also that absence alone of such language does not necessarily indicate the proponent intended to eliminate a *mens rea* element. *See Staples v. United States*, 511 U.S. 600, 606 (1994). However, we determine that a provision in a military general order which regulates the distribution of alcohol to underage recipients is analogous to a "public welfare offense." *Id.* at 607. As such, under these circumstances and given the specific

4

language of this particular general order, we conclude the offense of which appellant was convicted did not include a knowledge of age requirement. We do not do so lightly.

When appellant gave alcohol to his colleagues, he assumed the risk that his behavior fell within the bounds of the proscription, regardless of whether he knew them to be underage or not. *See id.* ("In such situations, we have reasoned that as long as a defendant knows that he is dealing with a dangerous device of a character that places him 'in responsible relation to a public danger,' he should be alerted to the probability of strict regulation, and we have assumed that in such cases Congress intended to place the burden on the defendant to 'ascertain at his peril whether [his conduct] comes within the inhibition of the statute.'") (citations and internal citations omitted); *see also In re Jennings*, 34 Cal. 4th 254, 268 (2001) (A proscription against furnishing an alcoholic beverage to any person under the age of 21 years "falls easily into the category of crimes courts historically have determined to be public welfare offenses for which proof of knowledge or criminal intent is unnecessary."); *Funari v. Decatur*, 563 So. 2d 54, 55 (Ala. Crim. App. 1990) ("The purpose of the legislation prohibiting the sale of alcohol to minors is to promote and protect the public welfare of minors."). Furthermore, here "we decline to read a mens rea with respect to the age" of the alcohol recipients into the policy letter as that assumption would constitute judicial overreach. *United States v. Wilson*, 66 M.J. 39, 43 (C.A.A.F. 2008).

## 2. *Failure to Comment on Legal Error*

In his second assignment of error, appellant claims the staff judge advocate (SJA) failed to comment in her post-trial recommendation or addendum on an allegation of legal error, in violation of R.C.M. 1106. In the matters submitted pursuant to R.C.M. 1105 and R.C.M. 1106, the only claim specifically labeled as legal error by trial defense counsel was an evidentiary issue which was appropriately addressed by the SJA. Although appellant claims the SJA did not comment on the additional assertion that the aggravated sexual assault conviction was insufficient, the addendum did include the following: "[Defense counsel] asks that you disapprove the finding of guilt on the Article 120 offense." The SJA continued and recommended that the convening authority approve the findings as adjudged. To any possible extent that the SJA's response could be deemed deficient, we find no prejudicial error as we ourselves have determined that the aggravated sexual assault conviction is both factually and legally sufficient and the claim to the contrary would not have resulted in either a favorable comment by the SJA or any corrective action by the convening authority. *See United States v. Hill*, 27 M.J. 293, 297 (C.M.A. 1988).

5

GIFFORD—ARMY 20120545

**CONCLUSION**

The finding of guilty to Specification 3 of Charge I is set aside and that specification is dismissed. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape that might give us pause in reassessing appellant's sentence. Based on the panel's findings, appellant faced a maximum sentence to confinement of thirty-six years in addition to a dishonorable discharge, total forfeitures, and reduction to the grade of E-1. Our amended findings carry the same maximum punishment with the exception of a two year reduction in his potential sentence to confinement. The nature of the remaining offenses still captures the gravamen of appellant's original misconduct as well as the aggravating circumstances surrounding his actions. In fact, in addition to the aggravated sexual assault offense, appellant still remains convicted of two specifications of the exact nature of disobedience as that in the now dismissed specification. Further, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

We are confident that based on the entire record and appellant's course of conduct an officer and enlisted panel sitting as a general court-martial would have imposed a sentence of at least as severe as what was adjudged.

Reassessing the sentence based on the noted error and the remaining findings of guilty, the sentence is AFFIRMED. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Senior Judge COOK and Judge TELLITOCCI concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

6