ERDMANN, Judge
(concurring in the result):
I concur with the majority’s decision that there is no substantial basis in law or fact for questioning Murphy’s guilty plea, including his agreement that the ammunition was an explosive and therefore subject to the sentence aggravator provisions of MCM pt. IV, para. 46.e.(l)(c). I depart from the majority, however, as to the rationale for that conclusion. Due to the ambiguities in the definition of “Explosive” in R.C.M. 801(11), it is not at all clear that 5.56 mm ammunition is an explosive under R.C.M. 103(11). However, I do not believe that holding ammunition to be an explosive is necessary to our review of the guilty plea. Due to the colloquy between Murphy and the military judge, I do not find a substantial basis in law or fact to question the providence of the plea.
Murphy was charged with and convicted of conspiracy to steal and the subsequent theft of government-owned ammunition, which was identified in the charge sheet as an explosive. MCM pt. IV, para. 46.e.(l) sets forth the punishments for larceny and subsection (c) provides a sentence aggravator for theft of military property with a value of more than $500,[1] or for any military vehicle, aircraft, vessel, firearm, or explosive. As the government did not allege the value of the ammunition in the charge sheet but did identify the ammunition as an explosive, the issue here is whether ammunition can be considered an explosive for purposes of the sentence aggra-vator in MCM pt. IV, para. 46.e.(l)(c).
Initially, there is a distinction here that is important. Murphy was charged with conspiraey/theft of ammunition and the government identified the ammunition as an explosive. However, in the context of the sentence aggravator, there has been no argument that the ammunition itself is an explosive.[2] Both the government and the majority rely on the presence of gunpowder in each round of ammunition to satisfy the definition of “Explosive” in R.C.M. 103(11). That rationale, however, conflates ammunition with gunpowder.
For purposes of the MCM, the term “Explosive” is defined in R.C.M. 103(11) as follows:
“Explosive” means gunpowders, powders used for blasting, all forms of high explosives, blasting materials, fuzes (other than electrical circuit breakers), detonators and other detonating agents, smokeless powders, any explosive bomb, grenade, missile, or similar device, and any incendiary bomb or grenade, fire bomb, or similar device, and any other compound, mixture, or devices which is an explosive within the meaning of 18 U.S.C. § 232(5) or 844(j).
The CCA found that ammunition was an explosive as it contained gunpowder, a substance which is included in the R.C.M. 103(11) definition of explosive. United States v. Murphy, 73 M.J. 699, 701 (A.Ct.Crim.App.2014). However, the presence of gunpowder in a round of 5.56 mm ammunition does not necessarily convert a round of 5.56 mm ammunition into an explosive.
The President specifically listed several devices which contain gunpowder in R.C.M. 103(11), i.e., explosive bomb, grenade, missile, but did not include ammunition. The canon of statutory construction expressio un-ms est exclusio alterius, provides guidance in interpreting the omission of “ammunition” in R.C.M. 103(11). Specifically, because the *310 expression of one thing is the exclusion of another we must presume that the exclusion of “ammunition” is intentional. As such, we should not read ammunition into the plain language of the statute. United States v. Kick, 7 M.J. 82, 88-89 (C.M.A.1979) (Perry, J., dissenting) (explaining that under the cannon of construction expressio unius est exclusio alterius, language omitted in an otherwise comprehensive statutory scheme is presumed intentional). In addition, where the President’s narrowing construction is favorable to an accused and is not inconsistent with the language of a statute, “we will not disturb the President’s narrowing construction.” United States v. Davis, 47 M.J. 484, 486-87 (C.A.A.F.1998).
The majority also l'elies on the definitions of explosive found in 18 U.S.C. §§ 232(5) and 844(j), which are incorporated by reference into R.C.M. 103(11). 18 U.S.C. § 232(5) is the definitional statute in Chapter 12 of Title 18, Civil Disturbances, and provides:
The term “explosive or incendiary device” means (A) dynamite and all other forms of high explosives, (B) any explosive bomb, grenade, missile, or similar device, and (C) any incendiary bomb or grenade, fire bomb, or similar device, including any device which (i) consists of or includes a breakable container including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and (ii) can be carried or thrown by one individual acting alone.
As this provision is limited to “explosive or incendiary device[s],” it is not relevant to the issue of whether 5.56 mm ammunition is an explosive. Neither party argued that the 5.56 mm rounds were either explosive or incendiary.
The majority primarily relies on the definition contained in 18 U.S.C. § 844(j), which is part, of the penalty provisions for Chapter 40 of-Title 18, Importation, Manufacture, Distribution and Storage of Explosive Materials. Subsection 844(j) provides:
For the purposes of subsections (d), (e), (f), (g), (h), and (i) of this section and section 842(p), the term “explosive” means gun-powders, powders used for blasting, all forms of high explosives, blasting materials, fuzes (other than electric circuit breakers), detonators, and other detonating agents, smokeless powders, other explosive or incendiary devices within the meaning of paragraph (5) of section 232 of this title, and any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.
The majority, focusing on the clause in the last five lines of this definition, makes a compelling argument that this language includes ammunition, as it includes “compounds, mixtures, or devices that ‘may cause an explosion.’ ” United States v. Murphy, 74 M.J. 302, 306 (C.A.A.F. 2015). The mixture or compound that explodes in this case is the gunpowder contained in the ammunition. While that inclusion does not convert the ammunition into an explosive, this provision would appear to provide the most, support for the government’s theory. However, there is some uncertainty as to whether this definition is even applicable to the circumstances of this case.
Murphy was charged with conspiracy to steal and the subsequent theft of the ammunition, which the government identified as an explosive. Under Chapter 40 of Title 18, it does not appear that the definition relied upon by the majority would apply in this case. 18 U.S.C. § 845 is entitled “Exceptions; relief from disabilities.” Subsection (a) provides that “[ejxcept in the case of subsection (l), (m), (n), or (o) of section 842 and subsections (d), (e), (f), (g), (h), and (i) of section 844, this chapter shall not apply to: ... (4) small arms ammunition and components thereof.” 5.56 mm ammunition is considered small arms ammunition by the Department of Defense.[3] None of the excepted *311 provisions in 18 U.S.C. § 845(a) include conspiracy to steal and sell explosives (even if we were to assume that ammunition is an explosive) or the actual theft of explosives.[4] As the federal statutory definition relied upon by the government and the majority would not be applicable to this situation under federal civilian law, there is a significant question as to whether it is applicable in a military justice context.
At the very least there is an ambiguity as to whether 5.56 mm ammunition is an explosive as that term is defined in R.C.M. 103(11). Any ambiguity, therefore, should be resolved in favor of the accused. Cleveland v. United States, 531 U.S. 12, 25, 121 S.Ct. 365, 148 L.Ed.2d 221 (2000) (“[Ajmbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.” (citation and internal quotation marks omitted)); United States v. Beaty, 70 M.J. 39, 44 (C.A.A.F.2011) (“This court has ‘long adhered to the principle that criminal statutes are to be strictly construed, and any ambiguity resolved in favor of the accused....’” (quoting United States v. Thomas, 65 M.J. 132, 135 (C.A.A.F.2007))). Therefore, I do not join that portion of the majority opinion which holds that 5.56 mm ammunition is an explosive under R.C.M. 103(11).
However, as this is a guilty plea case, that uncertainty does not necessarily mean that the plea was not provident. A guilty plea will be rejected only where the record of trial shows a substantial basis in law and fact for questioning the plea. Thomas, 65 M.J. at 133-34. The failure to correctly define a legal concept is not reversible error if it is clear from the entire record that the accused understood the charges and, in this ease, that the ammunition was being charged as an explosive for purposes of the sentence aggra-vator.
The issue as to whether ammunition was an explosive was recognized early in the court-martial. Prior to the arraignment the military judge summarized what had transpired during an R.C.M. 802 session with the counsel. The military judge stated that he had asked both counsel for documentation that 5.56 mm ammunition was an explosive. The military judge had therefore identified a potential issue in the providence inquiry and had asked the parties to address it. During the subsequent providence inquiry the defense did not object to the definitions that the military provided for “explosive” and Murphy acknowledged numerous times that the ammunition was an explosive. Notably, this acknowledgment included Murphy’s assurance to the military judge that he had “dealt with ammunition the whole time I was at Fox Company and I was very aware that it was an explosive.” Accordingly, it is clear from the colloquy that Murphy was on notice ammunition was being charged as an explosive.
I therefore concur in the result.

. At trial it was established that the conspiracy and theft involved 1800 rounds of loose 5.56 mm ammunition with a value of $1024.00, and 3200 rounds of linked 5.56 mm ammunition with a value of $1824.00.

. As noted by the majority, ammunition is comprised of three main components: the projectile, propelling charges (gunpowder), and primers.

. DOD Dictionary of Military and Associated Terms defines "small arms ammunition” as "Ammunition for small arms, i.e., all ammunition up to and including 20 millimeters (.787 *311 inches)," available at http://dtic.mil/doctrine/dod_ dictionary/data/s/7078.html (last visited July 7, 2015).

. 18 U.S.C. § 842(1), (m), (n), and (o) all pertain to plastic explosives. 18 U.S.C. § 844(d) applies to transportation of explosives with knowledge it will be used to kill, injure, etc., (e) involves making threats by mail, telephone or telegraph to use explosives, (f) applies to the malicious damaging or destroying of government property with explosives, (g) involves possession of an explosive in an airport, (h) involves using an explosive to commit any felony, and (i) involves the malicious destruction of any building or vehicle by explosive.