# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist RICHARD A. GIFFORD**
**United States Army, Appellant**

ARMY 20120545

Headquarters, 2d Infantry Division
T. Mark Kulish, Military Judge
Major Doug J. Choi, Acting Staff Judge Advocate (pretrial)
Lieutenant Colonel Paula I. Schasberger, Staff Judge Advocate (post-trial)

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Captain Robert N. Michaels, JA (on original brief); Lieutenant Colonel Jonathan F. Potter, JA; Major Amy E. Nieman, JA; Captain Heather L. Tregle, JA (on brief on specified issues); Lieutenant Colonel Jonathan F. Potter, JA; Captain Heather L. Tregle, JA (on reply brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Sean P. Fitzgibbon, JA (on original brief); Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major John K. Choike, JA (on brief on specified issues); Lieutenant Colonel A.G. Courie III, JA; Major John K. Choike, JA; Captain Robyn M. Chatwood, JA (on supplemental brief).

28 April 2016

---
SUMMARY DISPOSITION ON FURTHER REVIEW
---

Per Curiam:

A panel composed of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of three specifications of failure to obey a lawful general order and one specification of aggravated sexual assault upon one who was substantially incapacitated, in violation of Articles 92 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 920 (2006 & Supp. IV) [hereinafter UCMJ]. The members sentenced appellant to a bad-conduct discharge, confinement for forty-five days, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

GIFFORD—ARMY 20120545

On 22 January 2015, we set aside the finding of guilty to one of the disobedience specifications and dismissed that specification. We affirmed the remaining findings of guilty and the sentence. *United States v. Gifford*, 74 M.J. 580 (Army Ct. Crim. App. 2015). On 8 March 2016, the Court of Appeals for the Armed Forces reversed our decision and returned the record of trial to the Judge Advocate General of the Army for remand to this court for further review under Article 66(c), UCMJ. *United States v. Gifford*, 75 M.J. 140 (C.A.A.F. 2016).

As a result, this case is again before us for review pursuant to Article 66, UCMJ. The disobedience specifications allege appellant failed to obey a 2d Infantry Division policy letter by giving alcohol to persons under twenty-one years of age for purpose of consumption. At trial, the panel reached its findings of guilty after being instructed by the military judge that the government was required to prove that the appellant knew that the individuals to whom he was providing the alcohol were under twenty-one years of age. On appeal, we concluded the general order did not include a knowledge of age requirement and conducted our review accordingly. Our superior court has now remanded this case to our court for further proceedings consistent with their opinion. In their opinion, the CAAF concluded that "the proper legal standard the CCA [this court] was obligated to apply in the course of its Article 66(c), UCMJ, review of Appellant's conviction was whether Appellant acted with reckless disregard as to whether the individuals to whom he was providing alcohol were under twenty-one years of age." *Id.* at 148.

We have received further briefing by the parties and have considered the record of trial in light of our superior court's conclusion that "the general order at issue required the Government to prove Appellant's mens rea with respect to the age of the recipients of the alcohol" and "that the Government was required to prove, at a minimum, that Appellant acted recklessly in this regard." *Id.* at 141. We now determine that appellant provided alcohol to underage individuals for the purpose of consumption while consciously disregarding the known risk that those individuals were under twenty-one years old. *See Id.* at 148.

The evidence at trial showed that the two remaining disobedience specifications involve underage soldiers who were not strangers to the appellant. Appellant and Private GB, who is also the sexual assault victim in this case, knew each other, were Facebook friends, and lived on the same floor in the barracks. Private First Class CD testified that she "hung out" often with the appellant and even considered appellant to be her "best friend." Therefore, we find the record establishes that appellant acted at least recklessly with respect to the age of these two underage individuals to whom he gave alcohol.

2

**CONCLUSION**

In our earlier decision, we set aside the finding of guilty to Specification 3 of Charge I and dismissed that specification. That portion of the decision is unaffected and that specification remains dismissed. The remaining findings of guilty are again AFFIRMED.

Also, for the reasons stated in our prior decision, the approved sentence is again AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings that were set aside by our earlier decision and again here, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court