# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman JOSEPH R. FEARS
### United States Air Force

## ACM S32331

## 3 January 2017

Sentence adjudged 9 April 2015 by SPCM convened at Lajes Field, Azores, Portugal. Military Judge: Christopher Leavey.

Approved Sentence: Bad-conduct discharge, confinement for one month, and reduction to E-1.

Appellate Counsel for Appellant: Major Lauren A. Shure.

Appellate Counsel for the United States: Major J. Ronald Steelman III and Gerald R. Bruce, Esquire.

Before

J. BROWN, BENNETT, and MINK
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BENNETT, Judge:

A panel of officers sitting as a special court-martial convicted Appellant, contrary to his plea, of wrongful use of cocaine in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The adjudged and approved sentence was a bad-conduct discharge, confinement for one month, and reduction to E-1. Appellant now asserts: (1) the military judge erred by instructing the members that they must enter a finding of guilty if the Government proved

its case beyond a reasonable doubt and (2) the evidence is legally and factually insufficient to sustain his conviction.[1]  We disagree and affirm.

*Background*

Following a random urinalysis, Appellant's sample tested positive for 476 nanograms per milliliter (ng/ml) of benzoylecgonine, a metabolite for cocaine.[2]  When a person ingests cocaine, a schedule II controlled substance, the body metabolizes it, and one of the by-products is benzoylecgonine, which can be detected in the urine of the user.

Appellant's urine sample was tested by the Air Force Drug Testing Laboratory, and the results were compiled in a computer-generated drug testing report.  The Government's case-in-chief consisted primarily of the drug testing report and the testimony of an expert witness who provided an opinion based on the data contained in this report.

*Findings Instructions*

Prior to deliberations on findings, the military judge instructed the panel members as follows with respect to the significance and requirements of the "beyond a reasonable doubt" standard:

> First, that the accused is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt; second, if there is reasonable doubt as to the guilt of the accused, that doubt must be resolved in favor of the accused and he must be acquitted; and lastly, the burden of proof to establish the guilt of the accused beyond a reasonable doubt is on the Government.  The burden never shifts to the accused to establish innocence or to disprove the facts necessary to establish each element of each offense.
>
> A "reasonable doubt" is a conscientious doubt, based upon reason and common sense, and arising from the state of the evidence.
>
> Some of you may have served as jurors in civil cases or as members of an administrative board, where you were told that it is only necessary to prove that a fact is more likely true than not true.  In criminal cases, the Government's case must

---

[1] The second issue was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[2] The Department of Defense threshold level for this metabolite is 100 ng/ml.

be more powerful than that. It must be beyond a reasonable doubt.

"Proof beyond a reasonable doubt" is proof that leaves you firmly convinced of the accused's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. *If, based on your consideration of the evidence, you are firmly convinced that the accused is guilty of the offense charged, you must find him guilty.*

If, on the other hand, you think there is a real possibility the accused is not guilty, you must give him the benefit of the doubt and find him not guilty.

(Emphasis added).

Appellant did not object to this instruction, but now argues that it violates Supreme Court precedent prohibiting a trial judge from "directing the jury to come forward with [a guilty verdict], regardless of how overwhelmingly the evidence may point in that direction." *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 572–73 (1977) (citation omitted). Specifically, Appellant objects to this language from the instruction: "If, based on your consideration of the evidence, you are firmly convinced that the accused is guilty of the offense charged, you must find him guilty."

We review de novo the military judge's instructions to ensure that they correctly address the issues raised by the evidence. *United States v. Maynulet*, 68 M.J. 374, 376 (C.A.A.F. 2010); *United States v. Thomas*, 11 M.J. 315, 317 (C.M.A. 1981). Where, as here, trial defense counsel made no challenge to the instruction now contested on appeal, the appellant forfeits the objection in the absence of plain error.[3] R.C.M. 920(f). If we find error, we must determine whether the error was harmless beyond a reasonable doubt. *United States v. Medina*, 69 M.J. 462, 465 (C.A.A.F. 2011).

The language used by the military judge in Appellant's case is—and has been for many years—an accepted reasonable doubt instruction used in Air Force courts-martial. *See, e.g.*, *United States v. Sanchez*, 50 M.J. 506, 510–11 (A.F. Ct. Crim. App. 1999). It was also offered by our superior court as a suggested instruction. *United States v. Meeks*, 41 M.J. 150, 157 n.2 (C.M.A. 1994) (citing Federal Judicial Center, Pattern Criminal Jury

---

[3] We recognize that R.C.M. 920(f) speaks of "waiver;" however, Appellant's failure to object at trial was, in fact, forfeiture. *United States v. Sousa*, 72 M.J. 643, 651–52 (A.F. Ct. Crim. App. 2013).

Instruction 17-18 (1987)).  Both *Sanchez* and *Meeks* were decided after the authorities cited in Appellant's brief.

Based on this legal landscape, we cannot say that the military judge committed error, plain or otherwise, in his reasonable doubt instruction.

*Legal and Factual Sufficiency*

This court reviews issues of legal and factual sufficiency de novo.  *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).  "The test for legal sufficiency is 'whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt.'"  *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (quoting *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987)).  In applying this test, "we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution."  *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001); *see also United States v. McGinty*, 38 M.J. 131, 132 (C.M.A. 1993).

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of [Appellant]'s guilt beyond a reasonable doubt."  *Turner*, 25 M.J. at 325.  In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt."  *Washington*, 57 M.J. at 399.  The term reasonable doubt, however, does not mean that the evidence must be free from conflict. *United States v. Lips*, 22 M.J. 679, 684 (A.F.C.M.R. 1986).  Our assessment of legal and factual sufficiency is limited to the evidence produced at trial.  *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

The elements of the offense Appellant was convicted of are:

(1) That, between on or about 25 April 2014 and on or about 2 May 2014, at or near Terceira, Azores, Portugal, Appellant used cocaine;

(2) That Appellant actually knew he used the substance;

(3) That Appellant accused actually knew that the substance he used was cocaine or of a contraband nature; and

(4) That the use by Appellant was wrongful.

Wrongfulness of the use may be inferred in the absence of evidence to the contrary. *United States v. Bond*, 46 M.J. 86, 90 (C.A.A.F. 1997). It can also be inferred that Appellant knowingly used cocaine based on the presence of benzoylecgonine in his urine. *See United States v. Thomas*, 65 M.J. 132, 134 (C.A.A.F. 2007); *United States v. Harper*, 22 M.J. 157, 162 (C.M.A. 1986); *Manual for Courts-Martial, United States*, pt. IV, ¶ 37.c.(10) (2012 ed.).

Appellant's attack on the legal and factual sufficiency of his conviction is based, inter alia, on the following assertions: (1) he ran a marathon the day before his urinalysis; (2) he had elected to separate and join the Reserves; and (3) he had been accepted by an undergraduate program and hoped to one day become an officer. In short, according to Appellant, cocaine use was inconsistent with his lifestyle. This is essentially the same argument he made at trial.

Dr. HN, a lab certifying official from the Air Force Drug Testing Laboratory, was recognized as an expert in forensic chemistry and toxicology. Based on her review of the drug testing report and other documentary evidence, she was able to testify that the screening of Appellant's urine sample was done properly, without error, and that his sample contained 476 ng/ml of benzoylecgonine. Moreover, she testified that this concentration was consistent with recreational use.

We have considered the evidence in the light most favorable to the prosecution. We have also made allowances for not having personally observed the witnesses. Having paid particular attention to the matters raised by Appellant, we find the evidence legally sufficient to support his conviction for wrongful use of cocaine. Furthermore, we are, ourselves, convinced of his guilt beyond a reasonable doubt; thus the evidence is also factually sufficient to support this conviction.

*Conclusion*

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of Court